DORIS G. MOORE v. BENTON DOUGLAS MOORE, LOWE'S COM-
PANIES, INC., AND LOWE'S COMPANIES PROFIT-SHARING
PLAN AND TRUST

No. 7526SC691

(Filed 21 January 1976)

**Divorce and Alimony § 21; Judgments § 8— consent judgment for alimony
payment — failure to sign judgment — no binding effect**

    Defendants Lowe's Companies, Inc. and Lowe's Companies Profit-
Sharing Plan and Trust were not bound by a consent judgment en-
tered into by plaintiff wife and defendant husband whereby defendant
husband would pay plaintiff alimony by making withdrawals from
his account with the Plan since the Companies and the Plan did not
sign the consent judgment, and the trial court properly denied plain-
tiff's motion for an order requiring the Companies and the Plan to
permit defendant husband to withdraw a certain sum from his account
with them in order to pay plaintiff alimony.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 1
May 1975 in Superior Court, MECKLENBURG County. Heard in
the Court of Appeals 20 November 1975.

Plaintiff and defendant, Benton Douglas Moore, entered
a separation agreement on 7 July 1971 which provided in part
as follows:

    "12. Husband . . . agrees that he will pay to Wife
an amount equal to one-half of the amount at which all
interests and monies in the Lowe's Companies Profit-Shar-
ing Plan and Trust held in his name . . . are valued at the
date of execution hereof. Husband shall withdraw said
amount from said . . . Plan . . . in as few installments as
is permissible . . . pursuant to the agreement . . . govern-
ing . . . said . . . Plan . . . . Husband further . . . agrees
with Wife that the amount owed by him to Wife pursuant
to the first sentence of this paragraph 12 *shall continue to
be an obligation from him to Wife regardless of whether
it is or is not permissible* . . . for him to make withdrawals
from said . . . Plan . . . . "

On 20 October 1971, plaintiff brought this action against
Benton Moore, Lowe's Companies, Inc. (hereinafter referred to
as Companies) and defendant Lowe's Companies Profit-Sharing
Plan and Trust (hereinafter referred to as the Plan), alleging
that Benton Moore had not made the payments required by
Paragraph 12 of the aforementioned separation agreement. On 14

Moore v. Moore

February 1973 a consent judgment was signed by plaintiff and her attorneys, by Benton Moore and his attorney, and by Judge Grist, but not by any representative of the Companies or the Plan. The consent judgment provided in part as follows:

"1. Paragraph 12 of the Separation Agreement . . . is hereby deleted and in lieu thereof the following paragraph 12 is hereby substituted:

'Husband . . . agrees that he will pay to the Wife . . . an amount equal to one-half (1/2) of the amount at which all interests and monies in the . . . Plan . . . held in his name . . . are valued at the date of the execution hereof, and the parties agree that that amount is Two Hundred Sixty-Eight Thousand Three Hundred Thirty-Four and 24/100 ($268,334.24) Dollars. Husband shall withdraw said amount from aforesaid . . . Plan . . . in the following way and manner: The sum of $20,000.00 in 1971; $21,880.53 in 1972; and the balance . . . shall then be paid over a period of ten years in equal installments of Twenty-Two Thousand Six Hundred Forty-Five and 37/100 ($22,645.37) each year . . . . Husband further . . . agrees with Wife that the amount owed by him to Wife as herein set forth shall continue to be an obligation from him to Wife, regardless of whether it is or is not permissible . . . for him to make withdrawals from said Plan . . . . '

                    *     *     *

8. IT IS FURTHER ORDERED that the amount owed by defendant Moore to the plaintiff, his Wife, continues to be an obligation from him to the plaintiff regardless of whether it is or is not permissible for him to make withdrawals from said . . . Plan . . . .

                    *     *     *

11. IT IS FURTHER ORDERED that [the] Plan . . . is hereby ordered and directed to pay each of said withdrawals made by the defendant Moore . . . .

12. IT IS FURTHER ORDERED that [the] Companies . . . and [the] Plan . . . shall take all further necessary and proper action under the provisions of the . . . Plan . . . to implement the foregoing Orders of this Court."

The rules of the Plan provide that an employee of the Companies may make withdrawals from his account, subject to

the approval of the administrative committee. One of those rules is that an employee may never withdraw more than 25% of his total vested interest in the Plan. In this case, the administrative committee permitted Benton Moore to withdraw $70,000 in 1973 and $28,684.09 in 1974, even though he was required to pay plaintiff $22,645.37 each year. His total withdrawals amounted to $148,564.62. The value of his vested interest as of 31 December 1974 was $401,835.46. In 1975 Moore requested permission to withdraw $45,000.00 from his account, but he was not allowed to make any withdrawal.

Plaintiff moved for an order requiring the Companies and the Plan to permit Moore to withdraw $22,645.37 from his account in order to pay plaintiff. The court denied her motion. From this denial, plaintiff appeals.

*Elbert E. Foster; Myers & Collie by Charles T. Myers and George C. Collie for plaintiff.*

*McElwee, Hall & McElwee by Edgar B. Gregory for defendants.*

CLARK, Judge.

Plaintiff contends that the consent judgment imposed a fiduciary duty on the defendants Companies and Plan, requiring them to disapprove any application made by Benton Moore for withdrawals in excess of the $22,645.37 annual alimony payments and that by allowing defendant Moore to make excessive withdrawals in 1973 and 1974, defendants violated their fiduciary duty because these withdrawals depleted the funds that should have been kept available for payment of her alimony.

It is noted that the consent judgment, though entered 14 February 1973, provided for withdrawals of $20,000.00 in 1971, $21,880.53 in 1972, and the balance in ten equal annual installments of $22,645.37 each. The record discloses that defendant Moore had made prior voluntary withdrawals of $8,000.00 in 1971 and $41,880.53 in 1972. Yet the judgment did not mention the 1972 withdrawal which was well in excess of the 1972 alimony payment, nor did the judgment provide for limiting the amount of the annual withdrawals thereafter to the amount of the alimony payments. The defendant Moore's voluntary withdrawals of funds amount to the total sum of $148,564.62. The value of his vested interest in the trust on 31 December 1974

was $401,835.46. Thus, the total of his prior withdrawals, based upon the 31 December 1975 valuation of his vested interest, exceeded 25% of such value. This excessive withdrawal is explained by the fact that the value of his vested interest on 31 December 1973 was $540,406.66 but thereafter declined with the market value of Lowe's Companies, Inc. common stock, which apparently made up a substantial part, if not all, of the trust assets. Though the judgment may by implication impose on defendant Moore the duty to safeguard the interests of the plaintiff by withdrawing from the Plan annually only the sum due as alimony, the judgment when construed contextually does not deprive the trustees of their control of the Plan assets or their disposition of funds to beneficiaries according to the prescribed rules.

The consent judgment of 14 February 1973 amended a prior separation agreement and was in substance a contract between plaintiff and defendant Moore, both of whom signed it, which was approved and signed by the trial judge. Though defendants Companies and Plan at the time were parties-defendant to the proceeding, they did not sign the judgment. A consent judgment rendered without the consent of a party will be held inoperative in its entirety. *Lynch v. Loftin,* 153 N.C. 270, 69 S.E. 143 (1910). "The agreements of the parties are reciprocal, and each is the consideration for the other." *Overton v. Overton,* 259 N.C. 31, 37, 129 S.E. 2d 593, 598 (1963). The judgment imposed upon the defendant Moore the personal obligation of paying to plaintiff Moore an agreed sum each year; the payments were to be made from funds of the Profit-Sharing Plan and Trust when the funds were available to him; and if not available, "the amount owed . . . shall continue to be an obligation from him to Wife, . . . " The defendant Companies is not bound by the terms of the judgment since they did not consent. We do not agree with plaintiff's assertion that defendants Companies and Plan are fiduciaries for plaintiff and under the duty of safeguarding her interests. On the contrary, their primary duty was to all the beneficiaries of the Profit-Sharing Plan and Trust, and in the performance of this duty they must retain control of the assets, dispense funds, and otherwise administer the trust according to their prescribed rules. The consent judgment so implies.

The judgment appealed from is

Affirmed.

Judges VAUGHN and MARTIN concur.