PHYLLIS C. SNUGGS, JUNE C. ALMOND, AND CAROL F. TROUTMAN v. STANLY COUNTY DEPARTMENT OF PUBLIC HEALTH, AN AGENCY OF THE COUNTY OF STANLY; HAROLD LITTLE, CHAIRMAN, AND FLOYD HUNEYCUTT, ALTON CROWELL, DR. CLAUDE N. BALLENGER, SHIRLEY LOWDER, ERNEST A. WHITLEY, DAVID A. CHAMBERS, IRA STOVALL, AND DR. TOMMIE NORWOOD, MEMBERS, STANLY COUNTY BOARD OF HEALTH; COUNTY OF STANLY, A BODY POLITIC; BEECHER R. GRAY, IN-DIVIDUALLY AND IN HIS FORMER REPRESENTATIVE CAPACITY AS DIRECTOR OF STAN-LY COUNTY DEPARTMENT OF PUBLIC HEALTH; CARLTON B. HOLT, R. C. HINKLE, DR. MAX GARBER, MATTIE LITTLE, AND EVELYN HATLEY, FORMER CHAIRMAN AND MEMBERS, RESPECTIVELY OF THE STANLY COUNTY BOARD OF HEALTH

No. 411PA83

(Filed 30 April 1984)

**Constitutional Law § 17— state courts' ability to exercise concurrent subject matter jurisdiction over claims arising under 42 U.S.C. § 1983**

State courts may exercise concurrent subject matter jurisdiction over claims arising under 42 U.S.C. § 1983; therefore, where plaintiffs instituted actions in superior court seeking recovery under 42 U.S.C. § 1983 while their appeals were still pending before the State Personnel Commission, it was error for the Court of Appeals to affirm a trial court's dismissal of the actions under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure on the ground of lack of jurisdiction over the subject matter. Instead, defendants' motions should be viewed as motions to dismiss for failure to state a claim upon which relief may be granted pursuant to G.S. 1A-1, Rule 12(b)(6) since plaintiffs have failed to allege that they do not have adequate remedies under state law which provide due process.

ON discretionary review of a decision of the Court of Appeals, 63 N.C. App. 86, 303 S.E. 2d 646 (1983), affirming a judgment of *Judge Hairston* presiding in Superior Court, STANLY County. Heard in the Supreme Court 11 April 1984.

*Morton & Grigg, by Ernest H. Morton, Jr., for plaintiff appellant Phyllis C. Snuggs.*

*Gerald R. Chandler, for plaintiff appellants June C. Almond and Carol F. Troutman.*

*Frank B. Aycock, III, for defendant appellees.*

PER CURIAM.

Plaintiffs were employees of defendant, the Stanly County Department of Public Health prior to 27 September 1979 when they were each dismissed. Each plaintiff was served with written notice of termination at the time of her dismissal. Almost eight months later, in response to the plaintiffs' motions, each was served with a supplemental statement of charges or reasons for dismissal. Each plaintiff appealed her dismissal to the State Personnel Commission. On 25 September 1981, while their appeals were still pending before the State Personnel Commission, the plaintiffs instituted these actions in Superior Court, Stanly County seeking recovery under 42 U.S.C. § 1983. On 12 May 1982, the trial court allowed the defendants' motions to dismiss the actions under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure on the ground of lack of jurisdiction over the subject matter. The Court of Appeals affirmed.

State courts may exercise concurrent subject matter jurisdiction over claims arising under 42 U.S.C. § 1983. *Maine v. Thiboutot*, 448 U.S. 1, 3, n. 1, 65 L.Ed. 2d 555, 100 S.Ct. 2502 (1980); *Williams v. Greene*, 36 N.C. App. 80, 243 S.E. 2d 156, *rev. denied*, 295 N.C. 471, 246 S.E. 2d 12 (1978). The Court of Appeals erred in affirming the trial court's dismissal of the plaintiffs' claims for lack of jurisdiction over the subject matter.

We elect to treat the defendants' motions as motions brought under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted. When the defendants' motions are viewed as motions brought under Rule 12(b)(6), they must be allowed since the plaintiffs have failed to allege that they do not have adequate remedies under State law which provide due process. *See Parratt v. Taylor*, 451 U.S. 527, 68 L.Ed. 2d 420, 101 S.Ct. 1908 (1981). *But c.f. Patsy v. Florida Board of Regents*, 457 U.S. 496, 73 L.Ed. 2d 172, 102 S.Ct. 2557 (1982) (State remedies

need not be exhausted prior to bringing a § 1983 action in the Federal Courts). Therefore, the actions giving rise to this appeal are remanded to the Court of Appeals for further remand to the Superior Court, Stanly County, for the entry of orders under Rule 12(b)(6) dismissing the plaintiffs' claims for failure to state a claim upon which relief may be granted. The plaintiffs shall be allowed thirty days from the date of certification of this opinion within which to file amended complaints in Superior Court.

Modified and remanded.