**FAULKENBURY v. TEACHERS' & STATE EMPLOYEES' RETIREMENT SYSTEM**

[108 N.C. App. 357 (1993)]

DOROTHY M. FAULKENBURY, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS v. TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA, A CORPORATION; BOARD OF TRUSTEES TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA, A BODY POLITIC AND CORPORATE; DENNIS DUCKER, DIRECTOR OF THE RETIREMENT SYSTEMS DIVISION AND DEPUTY TREASURER OF THE STATE OF NORTH CAROLINA (IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES); HARLAN E. BOYLES, TREASURER OF THE STATE OF NORTH CAROLINA AND CHAIRMAN OF THE BOARD OF TRUSTEES TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA (IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES); AND STATE OF NORTH CAROLINA, DEFENDANTS

No. 9110SC1023

(Filed 5 January 1993)

1. **Appeal and Error § 176 (NCI4th) — notice of appeal to Court of Appeals — subsequent voluntary dismissal as to some defendants — proper**

   Although the general rule is that the lower court is divested of jurisdiction once an appeal is perfected, plaintiffs' voluntary dismissal without prejudice as to two of the defendants after notice of appeal was filed by defendants was proper because the dismissal did not affect the subject matter of the action and was not an attempt to amend the complaint. N.C.G.S. § 1A-1, Rule 41(a).

   **Am Jur 2d, Appeal and Error § 355.**

2. **Administrative Law and Procedure § 58 (NCI4th) — appeal — administrative exhaustion — inadequacy and futility of administrative review**

   Plaintiffs' failure to pursue their rights using the administrative process was not fatal to their case where plaintiffs alleged that an amendment to a statute setting out the calculation for disability retirement benefits was unconstitutional and brought an action for injunctive relief, a constructive or resulting trust, and relief under 42 U.S.C. § 1983. Plaintiffs specifically alleged inadequacy and futility of administrative review in their complaint by stating that the person who would conduct the administrative review does not have the jurisdiction or authority to rule upon the constitutionality of the statute.

   **Am Jur 2d, Administrative Law §§ 603, 605.**

**3. Appeal and Error § 114 (NCI4th) — denial of motion to dismiss for failure to state claim — immunity defense to § 1983 claim — appeal not interlocutory**

An appeal from the denial of a motion to dismiss a § 1983 claim under N.C.G.S. § 1A-1, Rule 12(b)(6) was not interlocutory where the defense was based on the doctrines of qualified and official immunity, whether defendants were persons within the meaning of § 1983, and whether the doctrine of sovereign immunity bars suit against defendants. The Supreme Court has held that the doctrine of sovereign immunity presents a personal jurisdiction question so that the denial of a motion to dismiss on this basis is immediately appealable, and that the denial of a motion for summary judgment affects a substantial right and is immediately appealable where the motion was based upon an immunity defense to a § 1983 claim.

**Am Jur 2d, Appeal and Error §§ 87, 105.**

**4. Public Officers § 9 (NCI3d); Constitutional Law § 86 (NCI4th) — § 1983 claims against State officials — monetary damages — defendants not persons**

Defendants were not properly characterized as "persons" under 42 U.S.C. § 1983 insofar as monetary damages were explicitly requested in an action which alleged that a statutory modification of the disability calculation in the North Carolina Teachers' and State Employees' Retirement System violated plaintiffs' due process and equal protection rights under 42 U.S.C. § 1983. The remedy sought must be prospective or injunctive for plaintiffs to make a valid § 1983 claim against these government defendants.

**Am Jur 2d, Civil Rights § 264.**

**Supreme Court's view as to who is "person" under civil rights statute (42 USCS sec. 1983) providing private right of action for violation of federal rights. 105 L. Ed. 2d 721.**

**5. Limitations, Repose, and Laches § 111 (NCI4th) — § 1983 claim — statute of limitations — defendants not estopped from asserting**

The three-year statute of limitations of N.C.G.S. § 1-52 as applied to 42 U.S.C. § 1983 was not tolled where plaintiffs asserted that their § 1983 rights had been violated by a statutory change in the disability calculation in the North Carolina

FAULKENBURY v. TEACHERS' & STATE EMPLOYEES' RETIREMENT SYSTEM

[108 N.C. App. 357 (1993)]

Teachers' and State Employees' Retirement System; defendants asserted the statute of limitations in that any invasion of plaintiffs' rights occurred at the moment the amended statute became effective or when plaintiff Faulkenbury received her first payment, in either case more than three years before the suit was filed; and plaintiffs asserted that the equitable doctrine of demand and refusal estops defendants from asserting the statute of limitations as a defense. That doctrine as a bar to the statute of limitations is a very limited exception to the statute and has been applied only in breach of fiduciary duty cases which arise in contract actions or in actions on a trust, not to toll the statute when a § 1983 or a constitutional action is before the court.

**Am Jur 2d, Limitation of Actions § 127.**

6. **Limitations, Repose, and Laches § 111 (NCI4th)— disability benefits changed—§ 1983 action—statute of limitations—continuing violation doctrine not applicable**

The statute of limitations ran on plaintiffs' claim under 42 U.S.C. § 1983 where plaintiffs brought the action following a statutory change in the calculation of disability benefits in the Teachers' and State Employees' Retirement System; defendants alleged that the statute of limitations had run in that the action was brought more than three years after the effective date of the statute and the first payment to plaintiff Faulkenbury under the new calculation; and plaintiffs alleged a continually recurring violation in that each monthly disability payment constitutes a separate violation. The nature of the alleged wrongful conduct here was the modification of N.C.G.S. § 135-5(d3) to a different method for calculating retirement disability payments and plaintiffs suffer from the continuing effects of the original action of amending the statute. Further, plaintiff Faulkenbury was aware or had reason to be aware of the alleged violation when she first received disability payments.

**Am Jur 2d, Limitation of Actions § 107.**

7. **Appeal and Error § 44 (NCI4th)— change in disability benefit calculation—denial of 12(b)(6) motion to dismiss—appeal interlocutory—appeal heard in discretion of Court**

The Court of Appeals exercised its supervisory discretion to address an appeal on the merits where defendants appealed

from the denial of their motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) claims for breach of contract and breach of fiduciary duty in connection with a statutory change in the calculation of disability benefits. The Court had proper jurisdiction over other issues concerning a sovereign immunity defense and the parties desired an answer to a question which was fundamental in determining their rights and was also of public importance.

Am Jur 2d, Appeal and Error § 5.

**8. Retirement Systems § 2 (NCI3d)— change in disability calculation—impairment of contract—valid claim stated**

Plaintiffs stated a valid claim for impairment of obligation of contract in an action arising from a statutory change in disability benefit calculations for teachers and state employees. Determining whether a state unconstitutionally impairs the Contract Clause involves the application of a tripartite test; here, a contractual obligation exists and there is an impairment of rights. It is unnecessary and not in the Court's authority to determine the third issue, whether the impairment was reasonable and necessary to serve an important public purpose, because the case came to the court merely on the denial of a motion to dismiss.

Am Jur 2d, Constitutional Law § 694.

**9. Appeal and Error § 418 (NCI4th)— change in disability benefits—claim for constitutional impairment of contract— appeal abandoned**

An argument that the three-year statute of limitations applies to a constitutional impairment claim arising from a statutory change in the calculation of disability benefits for teachers and state employees was not argued and was deemed abandoned.

Am Jur 2d, Appeal and Error § 698.

**10. Pensions § 1 (NCI3d)— change in disability calculation—no breach of fiduciary duty**

The trial court should have granted defendants' motion to dismiss a claim for breach of fiduciary duty under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiffs' action arose from a statutory change in the calculation of disability benefits for

teachers and state employees. Even if defendants are fiduciaries owing duties to individual members, plaintiffs have not stated a valid claim for relief in that plaintiffs complain that defendants did not protect plaintiffs' interests by deliberately remaining silent about the vested rights of disability retirees, but there is nothing in the statutes that requires such notification and the court found compelling the general principle that actions taken by state officials are presumed to be valid when they enforce a statute likewise presumed to be valid.

**Am Jur 2d, Evidence § 171.**

11. **Appeal and Error § 44 (NCI4th); Parties § 5 (NCI3d)— motion to certify class granted—interlocutory—heard in discretion of court**

An appeal from an order granting certification of a class was interlocutory, but the Court of Appeals took into account the importance of the case and the fact that appeals were permitted on other issues and granted certiorari.

**Am Jur 2d, Appeal and Error § 50.**

12. **Rules of Civil Procedure § 23 (NCI3d)— change in disability calculation—certification as class action**

The trial court properly certified plaintiffs' suit as a class action under N.C.G.S. § 1A-1, Rule 23 where plaintiffs brought an action contesting a change in the disability calculation for teachers and state employees; the trial court specifically found that there was a class; that the members of the class have an interest in the same issues of law or fact; that these issues predominate over the issues affecting only individual members; and that the prerequisites of *Crow v. Citicorp Acceptance Co.*, 319 N.C. 274, were satisfied. Although defendants also asserted that plaintiff Faulkenbury does not have standing to represent all members of each subclass, the controlling and dispositive factor is that each class member enjoys a vested contractual right to the benefits enumerated in Chapter 135 of the North Carolina General Statutes.

**Am Jur 2d, Parties §§ 50-73.**

Judge WALKER concurring in part and dissenting in part.

Appeal by defendants from orders denying defendants' motions to dismiss the complaint and from order certifying the action as a class action. These orders were entered 28 June 1991 in Wake County Superior Court by Judge Narley L. Cashwell. Heard in the Court of Appeals 14 May 1992.

*Marvin Schiller and Womble Carlyle Sandridge & Rice, by G. Eugene Boyce and Donald L. Smith, for plaintiffs-appellees.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Tiare B. Smiley, Special Deputy Attorney General Norma S. Harrell, and Assistant Attorney General Alexander McC. Peters, for defendants-appellants.*

LEWIS, Judge.

By this action for declaratory judgment and damages the plaintiffs challenge an amendment, effective 1 July 1982, to the teachers' and State employees' retirement disability statute enacted by the North Carolina General Assembly. The trial court granted the plaintiffs' motion for class certification, and denied defendants' motions to dismiss the lawsuit. From these orders defendants appealed to this Court.

Plaintiff Dorothy M. Faulkenbury was a public school teacher who retired on disability at age 53 in 1983. Because her years of service as of 1 July 1982 and at the time of her retirement were more than five years, she was a vested member of the Teachers' and State Employees' Retirement System of North Carolina ("Retirement System"), N.C.G.S. § 135-5(a)(1), and was eligible for a disability retirement pension pursuant to N.C.G.S. § 135-5.

Plaintiffs contend that the method in N.C.G.S. § 135-5(d4), the amended statute, for calculating disability retirement benefits unconstitutionally gives them lower benefits than they would have received had the former method of calculation found in N.C.G.S. § 135-5(d3) been used. Under N.C.G.S. § 135-5(d3), benefits for a vested employee retiring on disability were calculated as if the employee had worked to the age of 65 years; or, the employee enjoyed unlimited creditable service to 65 years of age. Under (d4), benefits are calculated with a limit: as if the employee worked to age 65 or worked thirty years, whichever comes first. Plaintiff Faulkenbury alleges that because of this statutory modification, and because there was no "grandfather clause" in place to protect

her rights as vested before the amendment, her disability retirement benefit has been underpaid by approximately $76.79 each month. Upon plaintiff Faulkenbury's motion, the trial court certified the suit as a class action, thereby bringing in all persons whose rights had vested under the former statute but who have received disability retirement benefits pursuant to § 135-5(d4).

In this action, the plaintiffs allege that the statutory modification violates their due process and equal protection rights under 42 U.S.C. § 1983; that it constitutes an unconstitutional impairment of the obligations of contracts under Article I, Section 10 of the United States Constitution; and that it constitutes a breach of fiduciary duty. The plaintiffs also allege violations of the North Carolina Constitution, specifically, Article I, Sections 1 and 19, and a violation of N.C.G.S. Chapter 128.

For these alleged wrongs, the plaintiffs seek a declaratory judgment stating that N.C.G.S. § 135-5(d4) is unconstitutional as applied to them and that they are entitled to receive disability benefits calculated under N.C.G.S. § 135-5(d3). Plaintiffs request a constructive or resulting trust be impressed upon all funds held by defendants to which plaintiffs claim entitlement. Finally, plaintiffs' complaint states, "This is a Complaint for damages and other relief, including 42 U.S.C. § 1983, a Class Action and Action for a Declaratory Judgment pursuant to N.C.G.S. § 1-253 et seq., and for a Writ of Mandamus or other appropriate order."

Plaintiffs brought this action against several parties: the State of North Carolina; the Teachers' and State Employees' Retirement System of North Carolina, a corporation established under N.C.G.S. § 135-2; and its Board of Trustees. See N.C.G.S. §§ 135-6, 7(a). Plaintiffs also sued Dennis Ducker, the Director of the Retirement Systems Division and Deputy Treasurer of the State of North Carolina, and Harlan E. Boyles, the Treasurer of the State of North Carolina and Chairman of the Retirement System's Board of Trustees.

[1] Plaintiffs sued defendants Ducker and Boyles in both their individual and official capacities. However, on 30 August 1991, after the notice of appeal was filed by defendants, the plaintiffs filed a notice of voluntary dismissal without prejudice as to the claims they asserted against Ducker and Boyles in their individual capacities only.

A plaintiff may take a voluntary dismissal without prejudice at any time before it rests. N.C.G.S. § 1A-1, Rule 41(a) (1990). The case law is clear that a voluntary dismissal prior to the entry of final judgment is proper. *See In re Estate of Tucci*, 104 N.C. 142, 149, 408 S.E.2d 859, 864 (1991), *rev. dismissed*, 331 N.C. 749, 417 S.E.2d 236 (1992). There has been no final judgment rendered here, nor have the plaintiffs rested.

Furthermore, while it is true the general rule is that once an appeal is perfected, the lower court is divested of jurisdiction, *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E.2d 879 (1971), the lower court nonetheless retains jurisdiction to take action which aids the appeal, *id.* at 111, 184 S.E.2d at 881, and to hear motions and grant orders, so long as they do not concern the subject matter of the suit and are not affected by the judgment appealed from. N.C.G.S. § 1-294 (1983); *Herring v. Pugh*, 126 N.C. 852, 36 S.E. 287 (1900); *see also Hightower v. Hightower*, 85 N.C. App. 333, 354 S.E.2d 743, *cert. denied*, 320 N.C. 792, 361 S.E.2d 76 (1987) (after entry of judgment and notice of appeal, trial court retains authority to approve the judgment and direct its filing). We are not convinced that the plaintiffs' voluntary dismissal as to two of the present defendants in their individual capacities affects the subject matter of the action, nor are we persuaded that the dismissal is in actuality an attempt to amend the complaint. We find the voluntary dismissal under Rule 41 to be proper and defendants' appeal on that issue is dismissed.

[2] Defendants argue that it was improper for the plaintiffs to bring an action immediately to the court system. However, our Supreme Court, in a per curiam decision, implicitly recognized an exception to the administrative exhaustion requirement. In *Snuggs v. Stanly County Dep't of Pub. Health*, 310 N.C. 739, 314 S.E.2d 528 (1984), the Supreme Court allowed the defendants' motions, which it treated as motions to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6). The Court held the motions must be allowed since "plaintiffs ha[d] failed to allege that they do not have adequate remedies under State law which provide due process." *Id.* at 740, 314 S.E.2d at 529 (citations omitted). In *Snuggs*, the plaintiffs, after being dismissed from their jobs, appealed to the State Personnel Commission. While that appeal was pending, plaintiffs instituted a 42 U.S.C. § 1983 action in Stanly County Superior Court.

*Snuggs* is similar to the case at bar. In both cases, plaintiffs failed to exhaust their administrative remedies before seeking judicial review on a section 1983 question. In both cases, defendants filed motions to dismiss. In *Snuggs*, the Court upheld the lower court's granting the motion, reasoning that the plaintiffs had failed to allege inadequate remedies. However, the case at bar differs in that plaintiffs, in their complaint, have specifically alleged inadequacy and futility of administrative review, by stating that "Dennis Ducker, . . . the person who would conduct the administrative review, does not have the jurisdiction or authority to rule upon the constitutionality of the statute." We therefore hold that, pursuant to *Snuggs*, the plaintiffs' failure to pursue their alleged rights using the administrative process is not fatal to their case.

## I. § 1983 AND THE IMMUNITY DEFENSES

[3] Defendants filed Rule 12(b) motions to dismiss the complaint which the Superior Court denied. The defendants attack the validity of plaintiffs' 42 U.S.C. § 1983 cause of action on essentially three bases: (A) the doctrines of qualified and official immunity shield the defendants from suit brought under the theories of section 1983 and any state law claims; (B) defendants are not "persons" subject to suit within the meaning of section 1983; and (C) the doctrine of sovereign immunity bars suit against the defendants.

Plaintiffs, by separate motion dated 11 October 1991, asked this Court to dismiss defendants' appeal on the above issues. The plaintiffs primarily characterize the appeal as interlocutory. It is generally true that a denial of a motion to dismiss is interlocutory and hence not immediately appealable. See *Zimmer v. North Carolina Dep't of Transp.*, 87 N.C. App. 132, 133-34, 360 S.E.2d 115, 116 (1987) (recognizing the general rule but holding that the doctrine of sovereign immunity presents a personal jurisdiction question and as a result the denial of a motion to dismiss on this basis is immediately appealable). However, our Supreme Court has recently held that the denial of a motion for summary judgment affects a substantial right and therefore is immediately appealable where the motion was based upon an immunity defense to a section 1983 claim. *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276, *cert. denied*, 61 U.S.L.W. 3287 (U.S. Nov. 16, 1992). This authority and that of the *Zimmer* decision persuade us to hold that the denial of defendants' motion to dismiss is properly before this Court.

## A. "Persons" Under § 1983

[4]     Section 1983 permits actions only against "persons" who deprive others of any rights, privileges, or immunities secured by the Constitution and laws. 42 U.S.C. § 1983. In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 105 L. Ed. 2d 45, 109 S. Ct. 2304 (1989), the United States Supreme Court was presented the question whether "a State, or an official of the State while acting in his or her official capacity, is a 'person' within the meaning of" section 1983. *Id.* at 60, 105 L. Ed. 2d at 50-51. In that case, the Court held that in a section 1983 action brought in state court against government defendants, neither the State nor its officials acting in their official capacities is a "person" for the purposes of the statute. *Id.* at 71, 105 L. Ed. 2d at 58; *see also Hafer v. Melo*, 502 U.S. ---, 116 L. Ed. 2d 301, 112 S. Ct. 358 (1991) (state officers sued in their official capacities for monetary damages are not "persons" under section 1983).

Our Supreme Court, when confronted with the same question, cited *Will* and held that when defendants are the State and officials acting in their official capacities, they are not "persons" in a section 1983 action "when the remedy sought is monetary damages." *Corum v. University of North Carolina*, 330 N.C. 761, 771, 413 S.E.2d 276, 283 (1992); *Harwood v. Johnson*, 326 N.C. 231, 238-39, 388 S.E.2d 439, 443 (1990). The cases — both federal and North Carolina — are clear, however, that a different result occurs when a different remedy is sought. "Notably however, when injunctive relief is being sought under section 1983 from State institutions or employees acting in their official capacities, such equitable actions are not barred." *Corum*, 330 N.C. at 771, 413 S.E.2d at 283.

For the plaintiffs to make a valid section 1983 claim against these government defendants, the remedy sought must be prospective or injunctive. Here, plaintiffs' complaint asks the Superior Court to declare that the plaintiffs are entitled to receive their disability retirement payments in accordance with their vested rights under N.C.G.S. § 135-5(d3), and to declare that N.C.G.S. § 135-5(d4) is unconstitutional as applied to them. Further, plaintiffs seek to have a constructive or resulting trust or common fund impressed upon the funds held by defendants to which plaintiffs allege entitlement. However, plaintiffs' complaint also quite clearly requests damages. Plaintiffs' complaint states, "This is a Complaint for damages and other relief, including 42 U.S.C. § 1983." Insofar as

plaintiffs explicitly request monetary damages, defendants are not properly characterized as "persons" for section 1983 purposes. The following section discusses plaintiffs' section 1983 action to the extent their complaint requests injunctive relief.

## B. The Statute of Limitations

[5]    Defendants assign error to the court's denying their Rule 12(b)(6) motion to dismiss on the grounds that the action is barred by the statute of limitations. Defendants contend that a three year statute of limitations pursuant to N.C.G.S. § 1-52 (1983) applies, and argue that the statute has run.

Defendants maintain that if the plaintiffs suffered any invasion of their rights, they did so at the moment when the amended statute became effective, or, 1 July 1982. At the latest, defendants argue, the statute began to run when plaintiff Faulkenbury received her first retirement payment in October 1983. Thus, in either case the three year statute of limitations as set forth in N.C.G.S. § 1-52 has run, since plaintiff Faulkenbury did not file suit until November 1990.

The three year statute of limitations as set forth in N.C.G.S. § 1-52 applies to 42 U.S.C. § 1983 actions brought in the North Carolina court system. *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991), *cert. denied*, --- U.S. ---, 118 L. Ed. 2d 593, 112 S. Ct. 1997 (1992) (citing *Wilson v. Garcia*, 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985) and holding "the three-year period for personal injury action as set forth in § 1-52(5) is the North Carolina limitations period applicable to § 1983 actions"); *see also Gentile v. Town of Kure Beach*, 91 N.C. App. 236, 371 S.E.2d 302 (1988). Plaintiffs assert that the equitable doctrine of demand and refusal estops defendants from asserting the statute of limitations as a defense. This doctrine as a bar to the statute of limitations appears to be a very limited exception to the statute, and has been applied only in breach of fiduciary duty cases which arise in contract actions or in actions on a trust, *see, e.g., Efird v. Sikes*, 206 N.C. 560, 174 S.E. 513 (1934); *Troy's Stereo Center v. Hodson*, 39 N.C. App. 591, 251 S.E.2d 673 (1979), or in actions for conversion. *See, e.g., White v. White*, 76 N.C. App. 127, 331 S.E.2d 703 (1985). We were unable to find any cases when this doctrine was invoked to toll the statute when a 42 U.S.C. § 1983 — or, a constitutional — action is before the court, and we decline to write new law now.

**[6]** Plaintiffs also maintain, perhaps in the alternative, that the "continuing wrong" doctrine applies. *See, e.g., Almond v. Boyles,* 612 F. Supp. 223 (E.D.N.C. 1985), *aff'd in part and vacated in part,* 792 F.2d 451 (4th Cir. 1986), *and cert. denied,* 479 U.S. 1091, 94 L. Ed. 2d 157, 107 S. Ct. 1302 (1987). Our research uncovered no state cases in North Carolina where the continuing wrong doctrine was applied in a section 1983 case in which the statute of limitations had been raised as a defense. There are, however, federal cases from North Carolina which have applied the doctrine. In *Ocean Acres Ltd. v. Dare County Bd. of Health,* 707 F.2d 103 (4th Cir. 1983), a 42 U.S.C. § 1983 action which arose in the Eastern District of North Carolina, the Fourth Circuit Court of Appeals agreed with the District Court that the three year statute of limitations had run and the plaintiff could not rely on the continuing wrong doctrine. The Court reiterated the well-established principle that a continuing violation " 'is occasioned by continual unlawful acts, not continual ill effects from an original violation.' " *Id.* at 106 (quoting *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir. 1981)) (due process action challenging county's ban on septic tank installation not saved by the continuing wrong doctrine and hence barred by the statute of limitations).

Courts view continuing violations as falling into two narrow categories. *Dixon v. Anderson,* 928 F.2d 212, 216 (6th Cir. 1991). One category arises when there has been a long-standing policy of discrimination. *Id.* at 217. Plaintiffs here do not appear to argue that there has been a long-standing policy of discrimination; instead, plaintiffs seem to argue that the second category is applicable. In the second continuing violation category, there is a continually recurring violation. *Id.* at 216. Plaintiffs contend that each monthly disability payment constitutes a separate violation on defendants' part. Since this payment, and alleged corresponding violation, have been on-going, plaintiffs assert the three year statute had not run when they commenced their action in 1990.

In assessing whether the plaintiffs have established a continuing wrong, we follow the federal cases arising in North Carolina and apply the two-part analysis outlined in *Cooper v. United States,* 442 F.2d 908 (7th Cir. 1971). The two-part analysis requires consideration of the policies of the statute of limitations and the nature of the wrongful conduct and the harm alleged. *Id.* at 912; *see also National Advertising,* 947 F.2d at 1167 (following and applying *Cooper*). The nature of the alleged wrongful conduct here was the

modification of N.C.G.S. § 135-5(d3) to a different method for calculating retirement disability payments. While we acknowledge that the distinction between on-going violations and continuing effects of an initial violation is subtle, we are of the opinion that this case demonstrates the latter. Here the plaintiffs suffer from the continuing effects of the defendants' original action of amending the statute. We do not believe that each payment constitutes a discriminatory act rising to the level of a violation. *Accord Virginia Hosp. Ass'n v. Baliles*, 868 F.2d 653, 663 (4th Cir. 1989), *aff'd sub nom. Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 110 L. Ed. 2d 455, 110 S. Ct. 2510 (1990) (holding that the statute of limitations cannot insulate the continued enforcement of an unconstitutional statute). Further, upon examination of the principles and policies of the applicable statute of limitations, we are persuaded that plaintiff Faulkenbury was aware or had reason to know of the alleged violation when she first received disability payments in October 1983. *See, e.g., National Advertising*, 947 F.2d at 1168.

We find that the continuing violation doctrine does not apply here. As such, the statute of limitations ran on plaintiffs' section 1983 action, and we reverse.

II. OBLIGATION OF CONTRACT AND BREACH OF FIDUCIARY DUTY

**[7]** Defendants assign as error the trial court's denying their motion under Rule 12(b)(6) to dismiss for failure to state a claim for relief for "breach of contract" and for breach of fiduciary duty. Generally, the denial of a Rule 12(b)(6) motion to dismiss is interlocutory and not immediately appealable. *State ex rel. Edmisten v. Fayetteville St. Christian Sch.*, 299 N.C. 351, 355, 261 S.E.2d 908, 911 (1980). However, given this Court's proper jurisdiction over the other issues concerning the sovereign immunity defense, and because "the parties desire an answer to a question which is fundamental in determining their rights, is also of public importance, and when decided will aid State agencies in the performance of their duties," *Moses v. State Highway Comm'n*, 261 N.C. 316, 317, 134 S.E.2d 664, 665, *cert. denied*, 379 U.S. 930, 13 L. Ed. 2d 342, 85 S. Ct. 327 (1964), we exercise our supervisory discretion to address on the merits the appeal on these issues.

A. Impairment of Obligation of Contract Claim

**[8]** The defendants argue that if it states a valid claim for anything at all, the plaintiffs' complaint states a claim for breach of employ-

ment contract. Relying on *Smith v. State*, 289 N.C. 303, 222 S.E.2d 412 (1976), defendants maintain that the contract here, as in *Smith*, is between the State and the plaintiffs only, and not between the plaintiffs and the other defendants.

Contrary to defendants' characterization of this cause of action as a breach of contract, the plaintiffs instead contend that the defendants' application of N.C.G.S. § 135-5(d4) violates Article I § 10 of the United States Constitution. This provision prohibits states from enacting any law "impairing the obligations of contracts." Specifically, the plaintiffs point out that their rights had vested under the former statute, and the defendants' calculation of their disability retirement payments under the amended statute impaired their contractual rights to the additional payments they would have received and would still be receiving each month under N.C.G.S. § 135-5(d3).

This case is factually similar to *Simpson v. North Carolina Local Gov't Employees' Retirement Sys.*, 88 N.C. App. 218, 363 S.E.2d 90 (1987), *aff'd per curiam*, 323 N.C. 362, 372 S.E.2d 559 (1988). In *Simpson*, plaintiffs brought a class action suit against the State of North Carolina, North Carolina Local Government Employees' Retirement System and its Board of Trustees, and individuals. By this action, the plaintiffs, vested members of the Retirement System, argued that the defendants had unconstitutionally impaired their contractual rights to a pension plan when the North Carolina Legislature amended the method of calculating the amount of the pension plan's benefits.

In *Simpson*, this Court held that the relationship between vested members of the pension fund and the Retirement System is contractual. *Id.* at 223, 363 S.E.2d at 93. This is so, we reasoned, because a government retiree's pension is correctly characterized as deferred compensation to which the retiree is contractually entitled. *Id.* at 223, 363 S.E.2d at 94. Hence, a statute that diminishes the calculated benefits of an employee impairs that employee's contractual rights. The guiding principle behind our *Simpson* holding was that:

> A public employee has a right to expect that the retirement rights bargained for in exchange for his loyalty and continued services, and continually promised him over many years, will not be removed or diminished. Plaintiffs, as members of the North Carolina Local Governmental Employees' Retirement

FAULKENBURY v. TEACHERS' & STATE EMPLOYEES' RETIREMENT SYSTEM

[108 N.C. App. 357 (1993)]

System, had a contractual right to rely on the terms of the retirement plan as these terms existed at the moment their retirement rights became vested.

*Id.* at 224, 363 S.E.2d at 94.

However, we must also make plain that "the question whether an act unconstitutionally impairs the right to contract violates the Contract Clause is one courts must resolve case by case." *Bailey v. State,* 330 N.C. 227, 244 n.6, 412 S.E.2d 295, 305 n.6 (1991), *cert. denied,* --- U.S. ---, 118 L. Ed. 2d 547, 112 S. Ct. 1942 (1992). Not every impairment of contractual obligations by a state violates the United States Contract Clause. *Id.; Maryland State Teachers Ass'n v. Hughes,* 594 F. Supp. 1353, 1360 (D. Md. 1984). In acting to protect the general welfare of the people and in exercising its police power, a state may constitutionally impair its contractual obligations. *Simpson,* 88 N.C. App. at 224, 363 S.E.2d at 94.

Determining whether a state unconstitutionally impairs the Contract Clause involves the application of a tripartite test that was elucidated by the United States Supreme Court and adopted by the *Simpson* Court. In this analysis, the court first ascertains whether or not a statute creates a contractual obligation. *United States Trust Co. of New York v. State of New Jersey,* 431 U.S. 1, 17, 52 L. Ed. 2d 92, 106, 97 S. Ct. 1505 (1977). The *Simpson* Court has already answered that question for us, and we accordingly hold that a contractual obligation exists. *Simpson,* 88 N.C. App. at 225, 363 S.E.2d at 94. Secondly, the court must determine if the actions of the state legislature impaired the obligation of the state's contract. *United States Trust,* 431 U.S. at 19-21, 52 L. Ed. 2d at 107-09. Again, *Simpson* guides us in our present holding that there is an impairment of rights "as plaintiffs stand to suffer significant reductions in their retirement allowances as a result of the legislative amendment under challenge." *Simpson,* 88 N.C. App. at 225, 363 S.E.2d at 94. Finally, the court must determine whether the impairment was reasonable and necessary to serve an important public purpose. *United States Trust,* 431 U.S. at 21-26, 52 L. Ed. 2d at 108-12. In *Simpson,* the Court remanded for a "proper resolution" on this third part of the test.

*Simpson,* then, gives us unclear guidance as concerns the third part of the applicable tripartite test. However, we feel it is presently unnecessary, and indeed not even in our authority, to determine this issue, as this case comes to us merely by way of a denial

of a motion to dismiss. We do, however, hold that upon the application of the first two prongs of the test, the plaintiffs here have stated a valid claim for impairment of obligation of contract against the named defendants.

[9] Finally, we address the defendants' assignment of error concerning the court's denial of a motion to dismiss on the grounds that the statute of limitations ran on this cause of action. As stated previously, defendants contend that the three year statute of limitations pursuant to N.C.G.S. § 1-52 applies to the plaintiffs' "breach of contract" action. We expressly reject defendants' argument on this issue. Plaintiffs allege and make a valid claim for a constitutional impairment of contract claim, not a common law breach of contract. There is a distinct difference between these two causes of action. *See Hays v. Port of Seattle*, 251 U.S. 233, 64 L. Ed. 243, 40 S. Ct. 125 (1920). Because the defendants have not argued the statute of limitations as pertains to the constitutional impairment of contract claim, this argument is deemed abandoned. N.C. R. App. P. 28(b)(5). We hold the trial court properly denied defendants' motion to dismiss on this basis.

## B. Breach of Fiduciary Duty Claim

[10] Defendants contend that the trial court erred by denying their motion to dismiss for failure to state a claim for breach of fiduciary duty. Plaintiffs' complaint alleges that all of the defendants are fiduciaries with respect to members of the Retirement System. They say defendants have breached their respective fiduciary duties by implementing and administering a statute that unconstitutionally underpays disability retirement benefits to the plaintiffs.

A fiduciary relationship exists where there has been some special confidence reposed in one who in equity and good conscience is bound to act in good faith and in due regard to the one reposing confidence. *Vail v. Vail*, 233 N.C. 109, 63 S.E.2d 202 (1951). A fiduciary relationship does not necessarily spring only from a contract, as defendants seem to suggest, but may arise from a relationship of "special confidence," such as through the acceptance of particular duties and obligations by a trustee or executor. *See Tyson v. North Carolina Nat'l Bank*, 305 N.C. 136, 286 S.E.2d 561 (1982) (court considered a fiduciary the executor of an estate and trustee of testamentary trusts who accepted the obligations inherent in these positions).

Defendants contend that the Board of Trustees, the Retirement System, Ducker, and Boyles do not owe a fiduciary duty to the individual members of the Retirement System but rather to the vested members and beneficiaries of the system as a whole. This is so, according to defendants, because the contract at issue here, the disability retirement benefits plan set out in N.C.G.S. Chapter 135 is one between only the State and the plaintiffs as a group of vested members, not as individual members.

In support of this contention, defendants cite *Moore v. Moore*, 28 N.C. App. 381, 221 S.E.2d 384 (1976). *Moore* and the present case are factually dissimilar. To determine whether defendants are fiduciaries, we carefully examine the statutorily prescribed rules and obligations of defendants in conjunction with the Retirement System's administration.

The Retirement System is charged with "providing retirement allowances and other benefits . . . for teachers and State employees of the State of North Carolina." N.C.G.S. § 135-2. The Board of Trustees acts as the trustee of the funds of the Retirement System, N.C.G.S. § 135-7(a), and is also responsible for the general administration and operation of the System itself. N.C.G.S. § 135-6. Each Board member must swear to "diligently and honestly administer the affairs of the . . . Board," N.C.G.S. § 135-6(d), and the Board as a whole has the discretion to adopt rules and regulations for the administration of the funds, and to "prevent injustices and inequalities which might otherwise arise in the administration of this Chapter." N.C.G.S. § 135-6(f). In addition, section 135-6(p) speaks of the Retirement System using lists of names and addresses to notify members, beneficiaries, and beneficiaries of members of "their rights to and accruals of benefits in" the System. The State Treasurer, Harlan Boyles, acts as the ex officio Chairman of the Board of Trustees, and is the custodian of the funds created by the Retirement System, N.C.G.S. § 135-7(c), while Dennis Ducker is the Director of the Retirement Systems Division.

Using the statutes as our guide, we are not entirely convinced that these defendants are properly labeled fiduciaries. However, our decision need not rest on such a characterization. We are of the opinion that even if these defendants are fiduciaries owing duties to individual members, plaintiffs have not stated a valid claim for relief in that they have not demonstrated a breach of the alleged fiduciary duty. Plaintiffs complain that defendants did

not protect the plaintiffs' interests by deliberately "remain[ing] silent about the vested rights of disability retirees and perfidiously fail[ing] to notify Plaintiff and class members of their vested rights." We find nothing in the statutes that requires such notification. Further, we find compelling the general principle that actions taken by state officials are presumed to be valid when they enforce a statute that is likewise presumed to be valid. *See, e.g., Bailey v. State*, 330 N.C. 227, 412 S.E.2d 295 (1991) (stating the general principle with regard to liability of public officials in a 42 U.S.C. § 1983 action).

We hold that plaintiffs have not stated a valid claim for relief on the grounds of breach of fiduciary duty. We find it unnecessary to reach the defendants' appeal addressing the running of the statute of limitations on this cause of action. We reverse the Superior Court's denial of defendants' motion to dismiss based upon failure to state a claim for breach of fiduciary duty.

### III. CLASS CERTIFICATION

#### A. Interlocutory Appeal Not Affecting a Substantial Right

[11] Defendants assign error to the court's granting plaintiff Faulkenbury's motion to certify a class and subclasses pursuant to N.C.G.S. § 1A-1, Rule 23 (1990). Defendants assert that this class certification was in error because Faulkenbury lacks standing to represent the class and subclasses; the individual issues predominate over any common issues of law or fact; and a class action is not an efficient method for the adjudication of the present controversy. Plaintiffs contend that the appeal on this issue is interlocutory, and we agree.

This Court has held that while an order denying a class certification is interlocutory, it is nonetheless immediately appealable as it affects a substantial right of the unnamed plaintiffs. *Perry v. Cullipher*, 69 N.C. App. 761, 318 S.E.2d 354 (1984); *see also Crow v. Citicorp Acceptance Co.*, 79 N.C. App. 447, 339 S.E.2d 437 (1986), *rev'd on other grounds*, 319 N.C. 274, 354 S.E.2d 459 (1987). If the trial court refuses to certify the action and the named plaintiff recovers, "the other members of the class will suffer an injury which could not be corrected if there were no appeal before the final judgment. The judgment in his favor could be affirmed and they would not recover anything." *Perry*, 69 N.C. App. at 762, 318 S.E.2d at 356.

Here, however, the motion to certify the action was granted, not denied. Defendants contend that the certification nonetheless affects a substantial right because "trying this case as a class action . . . will be complex, expensive and time consuming," and is unduly burdensome on defendants given their contention that plaintiff Faulkenbury lacks representative capacity for all of the classes and subclasses certified. We do not agree. Defendants, however, petitioned this Court for certiorari under N.C. R. App. P. 21(a)(1). Taking into consideration the importance of this case and the fact that we permitted the appeals on the other issues, we have decided to exercise our discretion and grant certiorari to address this appeal on its merits. *See Hoots v. Pryor*, 106 N.C. App. 397, 403, 417 S.E.2d 269, 273, *disc. rev. denied*, 332 N.C. 345, 421 S.E.2d 148 (1992) (Court determined appeal from denial of motion to amend a pleading is interlocutory and not affecting a substantial right, but nonetheless allowed the appeal under Appellate Rule 21(a)(1) ).

## B. Was a Class Action Proper In this Case?

[12] The trial court certified plaintiff Faulkenbury's suit as a class action. The class was divided into six subclasses, three of these consisting of living persons who retired as vested members of the Retirement System and three of these subclasses consisting of living beneficiaries, heirs, or personal representatives of persons comprising the first three subclasses. Defendants contest this certification.

Rule 23(a) states that "[i]f persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued." N.C.G.S. § 1A-1, Rule 23 (1990). Rule 23 is to be liberally construed and "should not be loaded down with arbitrary and technical restrictions." *English v. Holden Beach Realty Corp.*, 41 N.C. App. 1, 9, 254 S.E.2d 223, 230, *disc. rev. denied*, 297 N.C. 609, 257 S.E.2d 217 (1979).

A "class" exists when the members each have an interest in either the same issue of law or fact, and that issue predominates over issues which affect only individual class members. *Crow v. Citicorp Acceptance Co.*, 319 N.C. 274, 280, 354 S.E.2d 459, 464 (1987). Even if a class exists, the party seeking to bring a class

action still has the burden of proving a class action is appropriate. This party has to satisfy six prerequisites: (1) the named representative must establish that she will fairly and adequately represent the interests of all members of the class; (2) there is no conflict of interest between the named representative and the other members of the class who are not named parties; (3) the named party has a genuine personal interest in the action; (4) the named representative must adequately represent those outside the jurisdiction; (5) the class members are so numerous that it is impractical to bring them all before the court; and (6) adequate notice must be given to members of the class. *Id.* at 282-83, 354 S.E.2d at 465-66. The Supreme Court also added that this list of prerequisites was not all-inclusive. *Id.* at 282 n.2, 354 S.E.2d at 465 n.2.

The North Carolina Supreme Court has emphasized that class actions are appropriate and should be permitted when they can "serve useful purposes" such as preventing a multiplicity of suits or inconsistent results. *Id.* at 284, 354 S.E.2d at 466. The trial court has broad discretion in determining whether an action may be maintained as a class action. *Id.*

In its findings of fact, the trial court in the present case specifically found that there was a "class," that those members of the class have an interest in the same issues of law or fact, and that these issues predominate over the issues affecting only individual members. The court explicitly found that the *Crow* prerequisites were satisfied. In particular, plaintiff Faulkenbury's interest is genuine and typical of the claims of the other class members in that she and the other class members allege unconstitutional underpayment of disability retirement benefits. Moreover, the court found that the large number of class members makes individual actions impractical, and in essence held the class action was more efficient and hence the superior method for class members to seek their rights.

Defendants also assert that plaintiff Faulkenbury does not have standing to represent all members of each subclass. We find the controlling and dispositive factor to be that each class member enjoys a vested contractual right to the benefits enumerated in Chapter 135 of the North Carolina General Statutes. We also note that *Simpson* was brought as a class action. For the foregoing reasons, and recognizing the trial court's broad discretion in certifying a class, we overrule defendants' assignment of error.

Affirmed as to the trial court's denial of defendants' motion to dismiss on the issue of constitutional impairment of obligation of contract and as to the certification of the lawsuit as a class claim.

Reversed and remanded to the Superior Court with instructions to enter motions to dismiss on the issues of:

Plaintiffs' 42 U.S.C. § 1983 action and plaintiffs' breach of fiduciary duty claim.

Judge WYNN concurs.

Judge WALKER concurs in part and dissents in part.

Judge WALKER concurring in part, dissenting in part.

I concur with the majority opinion in all aspects except that portion which addresses plaintiffs' claim of breach of fiduciary duty, to which I respectfully dissent.

Plaintiffs argue that defendants Boyles, Ducker, the Retirement System, and the Board of Trustees of the Retirement System have breached and continue to breach the fiduciary duties owed to plaintiff and other class members by unlawful underpayment of monthly disability retirement benefits. Specifically, plaintiff Faulkenbury contends that "[d]efendants applied N.C. Gen. Stat. § 135-5(d4) in such manner as to impair her vested contractual right to the retirement benefits under the system of calculation in place at the time of her vesting rather than applying the Act only to those whose benefits vested after the passage of the Act." Without determining whether defendants are fiduciaries, however, the majority concluded that "plaintiffs have not stated a valid claim for relief in that they have not demonstrated a breach of the alleged fiduciary duty. Plaintiffs complain that defendants did not protect the plaintiffs' interests by deliberately 'remain[ing] silent about the vested rights of disability retirees and perfidiously fail[ing] to notify Plaintiff and class members of their vested rights.' We find nothing in the statutes that requires such notification."

It is my opinion that defendants, by nature of their relationship with plaintiff and class members, owed a fiduciary duty to plaintiff and class members which preceded any duties created by modification of the statute. Satisfaction of such a fiduciary duty requires more than mere notification to the beneficiaries but imposes a

WOODARD v. LOCAL GOVERNMENTAL EMPLOYEES' RETIREMENT SYSTEM

[108 N.C. App. 378 (1993)]

"duty of the person in whom the confidence is reposed to exercise the utmost good faith . . . and to refrain from abusing such confidence by obtaining any advantage to himself at the expense of the confiding party." *Vail v. Vail*, 233 N.C. 109, 114, 63 S.E.2d 202, 206 (1951). (Citation omitted.) Communication is but one duty required by those who occupy the position of a fiduciary.

At this pleadings stage, I believe plaintiffs' allegations are sufficient to establish a fiduciary relationship. I am unwilling to conclude that duties created by the statutes supersede those duties imposed by the fiduciary relationship. Therefore, I cannot agree with the majority that plaintiffs have failed to demonstrate a valid claim of breach of fiduciary duty based solely upon the language of the statute, and I would affirm the trial court's denial of defendants' motion to dismiss the complaint concerning this claim for relief.