KENNETH E. ROSS, Plaintiff v. LINDA O. ROSS (now Osborne), Defendant

No. COA08-285

(Filed 16 December 2008)

**Appeal and Error— amount of bond—underlying matter remanded—appeal moot**

An appeal from the amount of a supersedeas bond was dismissed as moot where underlying matter was remanded for further proceedings. To avoid repetition, the Court of Appeals also decided that the trial court was without jurisdiction to reduce the bond because that amount was the subject of the appeal; furthermore, plaintiff's motion to stay should have been dismissed because the relief sought had already been granted by the Court of Appeals.

Appeal by plaintiff from judgments entered 19 October 2007 by Judge Paul M. Quinn in Carteret County District Court. Heard in the Court of Appeals 9 October 2008.

*Ludwig, Willis, & Lashley, PLLC, by Constance M. Ludwig, for plaintiff appellant.*

*Judith K. Guibert for defendant appellee.*

McCULLOUGH, Judge.

Plaintiff-husband, Kenneth E. Ross ("plaintiff-husband") appeals the trial court's order setting the amount of an appeal bond pursuant to N.C. Gen. Stat. § 1-292 (2007). Defendant-wife, Linda O. Ross ("defendant-wife") moves to dismiss plaintiff-husband's appeal.

The complete facts of this case are set forth in *Ross v. Ross*, 2008 N.C. App. LEXIS 1801 (2008) (unpublished) ("Ross I"), a prior appeal involving the same parties. That appeal involved the actual merits of the claims between the parties, whereas this appeal concerns only the trial court's order setting the bond required for a stay pending appeal.

The facts and procedural background relevant to this appeal are as follows: On 5 March 2007, the trial court entered judgment ("the March 2007 judgment") on claims for equitable distribution, postseparation support, alimony, and attorney's fees. As part of its ruling, the trial court ordered *inter alia* that plaintiff-husband vacate the parties' Emerald Isle residence on or before 1 April 2007. Plaintiff-husband filed a notice of appeal with respect to the March 2007 judgment on 3 April 2007, and on 23 April 2007, plaintiff-husband moved to stay execution pending appeal of such judgment. On 8 May 2007, a hearing was held in Carteret County District Court before the Honorable Paul Quinn on that motion to stay.

By 1 June 2007, there had been no ruling issued by the trial court on plaintiff-husband's motion to stay. Pursuant to Rule 23 of the North Carolina Rules of Appellate Procedure, plaintiff-husband petitioned this Court for a Writ of Supersedeas to stay the March 2007 judgment pending appeal. *See* N.C. R. App. P. 23(b) (2008). By order entered 4 June 2007, this Court entered a temporary stay of the March 2007 judgment, and by order entered 19 June 2007, this Court entered a Writ of Supersedeas ("the Writ of Supersedeas"), ordering that the trial court set the amount of the supersedeas bond within 30 days, at which point the temporary stay entered 4 June 2007 would be dissolved.

On 19 October 2007, the trial court entered two orders. In its first order, the trial court ruled on plaintiff-husband's original motion to stay that had been heard on 8 May 2007 ("the Stay Order"), setting a bond in the amount of $250,000, staying only the portion of the March 2007 judgment that required plaintiff-husband to vacate the Emerald Isle Property, and ordering plaintiff-husband to make monthly reimbursement payments to defendant-wife for various expenses associated with the Emerald Isle property, pending appeal. The Stay Order expressly provides "[t]he remaining terms of the Final Judgment . . . shall not be stayed." In the second order ("the Bond Order"), which was entered three minutes after the Stay Order, the trial court set a supersedeas bond in the amount of

$250,000 pursuant to the Writ of Supersedeas and ordered plaintiff-husband to pay all expenses related to his occupancy of the Emerald Isle property pending appeal.

On 1 November 2007, plaintiff-husband filed a notice of appeal with respect to the Stay Order and the Bond Order ("*Ross II*"). In the instant appeal, *Ross II*, defendant contends that: (1) the $250,000 bond amount is excessive and is not supported by competent evidence of record; and (2) the trial court lacked subject matter jurisdiction to order the plaintiff-husband to reimburse defendant-wife for expenses incurred with respect to the Emerald Isle property.

While the instant appeal, *Ross II*, was pending with this Court, on 30 January 2008, plaintiff moved the trial court pursuant to N.C. Gen. Stat. § 1-294 (2007) to reduce the amount of the bond because he was unable to raise and encumber sufficient collateral. On 12 March 2008, the trial court found that it had subject matter jurisdiction pursuant to N.C. Gen. Stat. § 1-294, and granted plaintiff-husband's motion and reduced the amount of the supersedeas bond to $25,000 ("the Bond Reduction Order"). The Bond Reduction Order does not address the reimbursement provisions contained in the Stay Order.

Defendant-wife argues that plaintiff-husband's *Ross II* appeal is moot and plaintiff-husband's decision to proceed with the *Ross II* appeal notwithstanding the entry of the Bond Reduction Order was for the improper purposes of harassing defendant and constitutes frivolous litigation. Defendant-wife further argues that plaintiff-husband's *Ross II* appeal should be dismissed because the Stay Order and Bond Order are interlocutory orders that do not adversely affect a substantial right. We agree with defendant-wife that this appeal should be dismissed as moot; however, we reach this conclusion for reasons other than those advanced by defendant-wife.

I. Mootness

It is a well-settled rule that:

"Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. . . .

Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the com-

mencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action."

*Womack Newspapers, Inc. v. Town of Kitty Hawk*, 181 N.C. App. 1, 8, 639 S.E.2d 96, 101, *disc. review withdrawn*, 361 N.C. 370, 644 S.E.2d 564 (2007) (quoting *Pearson v. Martin*, 319 N.C. 449, 451, 355 S.E.2d 496, 497, *reh'g denied*, 319 N.C. 678, 356 S.E.2d 789 (1987)).

### A. Validity of Bond Reduction Order

First, because of the likelihood of repetition, we address defendant-wife's contention that the trial court's entry of the Bond Reduction Order, which was entered pursuant to N.C. Gen. Stat. § 1-294, rendered this appeal moot.

N.C. Gen. Stat. § 1-294 provides:

> **When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and <u>not affected by the judgment appealed from</u>**. The court below may, in its discretion, dispense with or limit the security required, when the appellant is an executor, administrator, trustee, or other person acting in a fiduciary capacity. It may also limit such security to an amount not more than fifty thousand dollars ($50,000), where it would otherwise exceed that sum.

*Id.* (emphasis added).

The rule codified by N.C. Gen. Stat. § 1-294 is that once an appeal is perfected, the lower court is divested of jurisdiction. *Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 364, 424 S.E.2d 420, 422, *disc. review denied in part*, 334 N.C. 162, 432 S.E.2d 358, *aff'd*, 335 N.C. 158, 436 S.E.2d 821 (1993). The lower court only retains jurisdiction to take action which aids the appeal and to hear motions and grant orders that do not concern the subject matter of the suit and are not affected by the judgment that has been appealed. *Id.* Likewise, while a trial court may ordinarily "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise . . . it considers proper for the security of the rights of the adverse party" while an appeal is pending, N.C. Gen. Stat. § 1A-1, Rule

62(c) (2007), here, the amount of the security and terms of the Stay Order and Bond Order are the subject matter of plaintiff-husband's appeal. Thus, once plaintiff-husband perfected his appeal of the Stay Order and the Bond Order, the trial court was divested of jurisdiction to enter an order modifying the terms of those orders. N.C. Gen. Stat. § 1-294. Accordingly, the trial court was without jurisdiction to reduce the supersedeas bond amount to $25,000, and the Bond Reduction Order is void. *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 793 (2006). Since the Bond Reduction Order is void, it does not resolve the controversy at issue in this appeal and does not render this appeal moot.

## B. Validity of Stay Order

We also note that at the time the trial court ruled on plaintiff-husband's motion to stay and entered the Stay Order, this Court had already issued a temporary stay, which stayed the entire March 2007 judgment. Because the relief sought had already been granted by this Court, plaintiff-husband's motion to stay was rendered moot and should have been dismissed. *Womack Newspapers, Inc.*, 181 N.C. App. at 8, 639 S.E.2d at 101. Furthermore, the district court had no authority to modify the terms or otherwise enter an order inconsistent with the Orders previously entered by this Court. *See Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, *cert. denied, appeal dismissed*, 303 N.C. 319, 281 S.E.2d 659 (1981) ("A judge of the District Court cannot modify a judgment or order of another judge of the District Court"); *In re Royster*, 361 N.C. 560, 563, 648 S.E.2d 837, 840 (2007) ("It is well established that one superior court judge may not ordinarily modify, overrule, or change the judgment or order of another superior court judge previously entered in the same case."); N.C. R. App. P. 23 (2008).

## C. Appeal No Longer Pending

Nonetheless, because *Ross I* is no longer pending on appeal as the matter has been remanded to the district court for a reclassification and revaluation of the property at issue, plaintiff-husband's appeal from the order setting the supersedeas bond is moot. *Putman Constr. & Realty Co. v. Byrd*, 632 So. 2d 961, 968 (Ala. 1992).

For the sake of judicial economy, we refrain from considering any remaining issues. Because of the previously discussed errors and the fact that the Bond Reduction Order does not expressly address the payment provisions to which plaintiff-husband assigns error, we do

**ROSS v. ROSS**

[194 N.C. App. 365 (2008)]

not find that plaintiff-husband has pursued a frivolous appeal. In our discretion, defendant-wife's motion for sanctions pursuant to N.C. R. App. P. 34 (2008) is denied.

Dismissed.

Judges TYSON and CALABRIA concur.