SONGWOOYARN TRADING COMPANY, LTD., Plaintiff v. SOX ELEVEN, INC. AND UNG CHUL AHN, Defendants and Third Party Plaintiffs v. JAE CHEOL SONG, Third Party Defendant

No. COA11-710

(Filed 21 February 2012)

**1. Jurisdiction—supplemental hearing—principal matter on appeal**

The trial court had jurisdiction in a breach of contract, negligent misrepresentation, and unfair or deceptive practices case to conduct a supplemental hearing and issue an order when the principal matter was on appeal. The supplemental hearing did not concern the subject matter of the suit and was intended to aid in the security of plaintiff's rights while the appeal was pending.

**2. Injunctions—enjoining from transferring, removing, or disposing assets—statutory exemptions**

The trial court did not err in a breach of contract, negligent misrepresentation, and unfair or deceptive practices case by enjoining defendant individual from transferring, removing, or disposing assets. The prohibition was within the authority conferred by N.C.G.S. § 1-358. Further, the order did not prohibit defendant from filing an amended motion or subsequent motion to claim statutory exemptions.

Appeal by defendant Ung Chul Ahn from order entered 17 February 2010 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 16 November 2011.

> *Rayburn Cooper & Durham, P.A., by Ross R. Fulton, Daniel J. Finegan, and Nader S. Raja, for plaintiff-appellee.*

> *Baucom Claytor Benton Morgan & Wood, P.A., by M. Heath Gilbert, Jr., for defendant-appellant.*

BRYANT, Judge.

Because the trial court's 17 February 2011 supplemental order was entered while jurisdiction over the suit was vested in the appellate courts but did not concern the subject matter of the suit and aided in securing plaintiff's rights while the appeal was pending, we hold the trial court retained jurisdiction for such orders. Also, because the trial court's order prohibiting defendant from transferring, disposing, or removing property in which he had an interest was authorized under N.C. Gen. Stat. § 1-358, we affirm the trial court's 17 February 2011 supplemental order.

On 26 January 2010, a Civil Superior Court in Mecklenburg County entered judgment in the matter between plaintiff Songwooyarn Trading Company, defendants Sox Eleven, Inc. and Ung Ahn, and third-party defendant Jae Song. The claims before the court included breach of contract, negligent misrepresentation, and unfair or deceptive practices. The trial court ordered that plaintiff "shall have and recover the principal amount of $164,318.32 from defendant Sox Eleven, Inc." and $1,022,041.00 from defendant Ahn.

Defendant Ahn timely appealed the trial court's order to this Court. However, defendant Ahn acknowledges that he "did not obtain a stay of execution of the judgment in the matter [pursuant to N.C. Gen. Stat. § 1-289] and as a result, the plaintiff was afforded the right to pursue execution of assets . . . ." On 21 June 2011, in *Songwooyarn Trading Co., Ltd. v. Sox Eleven, Inc.*, ___ N.C. App. ___, 714 S.E.2d 162 (2011) (*Songwooyarn Trading I*), this Court affirmed the trial court's judgment, and our North Carolina Supreme Court denied defendant Ahn's petition for discretionary review on 9 November 2011. *Songwooyarn Trading Co., Ltd. v. Sox Eleven, Inc.*, 2011 N.C. LEXIS 929 (N.C. No. 30P11) (9 November 2011).

On 5 April 2010, prior to this Court rendering an opinion in *Songwooyarn Trading I*, defendant Ahn filed a Motion to Claim

SONGWOOYARN TRADING CO., LTD. v. SOX ELEVEN, INC.

[219 N.C. App. 213 (2012)]

Exempt Property (Statutory Exemptions) in the trial court seeking to set aside as exempt from judgment certain real property located in Los Angeles, as well as personal property. Plaintiff contested the motion, specifically contending that the motion failed to set out a complete listing of the debtor's non-exempt assets, impermissibly undervalued the debtor's property, and attempted to claim exemptions beyond those permitted by North Carolina law. Following a hearing on the matter, the trial court, on 18 June 2010, found that defendant Ahn had failed to adhere to the statutory requirements for claiming exempt property but allowed defendant an opportunity to re-file the motion.

On 2 July 2010, defendant Ahn re-filed the motion to claim exempt property. Plaintiff filed an Objection to Second Motion to Claim Exempt Property, again contending that defendant Ahn's motion failed to provide a complete listing of defendant's non-exempt assets and where values were provided, the property was undervalued.

On 4 October 2010, defendant Ahn filed responses to plaintiff's previously submitted interrogatories to discover assets and request for production of documents. On 3 November 2010, plaintiff subpoenaed documents relating to defendants Sox Eleven, Inc., and Ahn from: Bank of America, N.A.; Weekender for Active Lifestyles, Inc.; American Express Company; and RBC Bank. Plaintiff also subpoenaed documents from Bank of America N.A. related to Young Sin Ahn, defendant Ahn's wife. On 10 November 2010, defendant Ahn filed a motion to quash and modify in supplemental proceedings to quash the subpoenas issued to Bank of America, N.A., Weekender Active Lifestyles, Inc., and American Express Company. Defendant Ahn further moved to modify the subpoena issued with regard to accounts held by his wife, Young Ahn. On 12 November 2010, defendant filed Amended Responses to Interrogatories to Discover Assets Pursuant to N.C. Gen. Stat. § 1-352.1 and Request for Production of Documents Pursuant to N.C. Gen. Stat. § 1-352.1.

On 22 December 2010, plaintiff filed a motion for supplemental relief,

> [requesting an order] prohibiting the Defendant and Judgment Debtor Ung Chul Ahn ("Debtor") from transferring or otherwise disposing of his assets, including certain rental proceeds arising from real property, or other sources, and requiring Debtor and Young Ahn to deposit one-half of all rental income or other proceeds derived from such property with the Clerk of Court.

The same day, plaintiff filed a motion to compel subpoena responses and a motion to compel responses to post-judgment discovery.

The matter came on for hearing on 15 February 2011. On 17 February 2011, the trial court entered an order prohibiting defendant Ahn from transferring, disposing, or removing property or assets within North Carolina unless the property is declared as exempt on defendant Ahn's 2 July 2010 motion to claim exempt property. Further, the trial court ordered that Bank of America, Weekender for Active Lifestyles, Inc., American Express Company, and RBC Bank shall comply with the subpoenas issued to produce documents related to defendants Sox Eleven, Inc., and Ahn. The trial court further specified that the order encompassed requests for documents related to accounts held jointly between defendant Ahn and his wife, Young Ahn, but the order did not reach accounts held by Young Ahn individually. Defendant Ahn appeals.

---

On appeal, defendant raises the following two issues: Whether the trial court (I) lacked jurisdiction to conduct a hearing and issue an order in supplemental proceedings; and (II) erred in its order restricting the transfer, removal or disposal of assets.

*I*

**[1]** Defendant first contends that the trial court lacked jurisdiction to conduct a supplemental hearing and issue an order when the principal matter was on appeal. Defendant argues that the supplemental proceedings addressing plaintiff's motions to obtain defendant's bank records, to limit defendant's statutory exemptions, and to freeze all assets in which defendant had an interest was held while the principal matter was pending appeal, and, therefore, the trial court was *functus officio*, without jurisdiction to enforce its order. We disagree.

Under North Carolina General Statutes, section 1-294, "[w]hen an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from." N.C. Gen. Stat. § 1-294 (2011).

> [W]hile it is true the general rule is that once an appeal is perfected, the lower court is divested of jurisdiction, *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E.2d 879 (1971), the lower court nonetheless retains jurisdiction to take action which aids the

appeal, *id.* at 111, 184 S.E.2d at 881, and to hear motions and grant orders, so long as they do not concern the subject matter of the suit and are not affected by the judgment appealed from. N.C.G.S. § 1-294 (1983) . . . .

*Faulkenbury v. Teachers' & State Employees' Retirement System,* 108 N.C. App. 357, 364, 424 S.E.2d 420, 422, *disc. review denied in part,* 334 N.C. 162, 432 S.E.2d 358, *aff'd per curiam,* 335 N.C. 158, 436 S.E.2d 821 (1993). "Likewise, . . . a trial court may ordinarily 'suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise . . . it considers proper for the security of the rights of the adverse party' while an appeal is pending . . . ." *Ross v. Ross,* 194 N.C. App. 365, 368, 669 S.E.2d 828, 831 (2008) (citing N.C. Gen. Stat. § 1A-1, Rule 62(c) (2007)).

Defendant Ahn appealed from the 26 January 2010 judgment against him on claims of breach of contract, negligent misrepresentation, and unfair or deceptive practices. Following defendant Ahn's motions to exempt property from the reach of judgment creditors through statutory safe harbors and plaintiff's attempts to compel discovery from Ahn and the production of documents related to defendants Sox Eleven, Inc., and Ahn via subpoena, the trial court held a supplemental hearing on 15 February 2011. On 17 February 2011, the trial court entered an order prohibiting defendant Ahn from transferring, disposing, or removing property or assets within North Carolina unless the property was declared exempt on defendant Ahn's 2 July 2010 motion to claim exempt property. Further, the trial court ordered that the entities subpoenaed for production of documents related to defendants Sox Eleven, Inc. and Ahn shall comply with the subpoenas.

On 21 June 2011, this Court affirmed the trial court's 26 January 2010 judgment, *Songwooyarn Trading I,* and, on 9 November 2011, our Supreme Court denied defendant Ahn's petition for discretionary review. *Songwooyarn Trading Co.,* 2011 N.C. LEXIS 929 (N.C. No. 30P11) (9 November 2011).

The trial court's 17 February 2011 supplemental order, entered during the pendency of the appeal of the 26 January 2010 trial court order while jurisdiction was vested in the appellate courts, did not concern the subject matter of the suit and was intended to aid in the security of plaintiff's rights while the appeal was pending. We hold the trial court retained jurisdiction to enter a supplemental order.

*Faulkenbury*, 108 N.C. App. at 364, 424 S.E.2d at 422; *Ross*, 194 N.C. App. at 368, 669 S.E.2d at 831. Accordingly, defendant Ahn's argument is overruled.

*II*

**[2]** Defendant Ahn argues that the trial court erred by enjoining him from transferring, removing, or disposing of assets. Defendant first contends that the trial court's supplemental order is too broad in that it restricts transactions regarding all property in which defendant has an interest, including property held as tenancy by the entirety, and is too limiting in that it restricts defendant Ahn's exemptions to those declared in the 2 July 2010 motion to claim exemptions. We disagree.

In support of his argument defendant Ahn cites North Carolina General Statutes, section 1-315(a)(1), "[t]he following property of the judgment debtor, not exempted from sale under the Constitution and laws of this State, may be levied on and sold under execution . . . Goods, chattels, and real property belonging to him." N.C. Gen. Stat. § 1-315(a)(1) (2011). However, here, the trial court's order does not compel the sale of any property but, rather, prohibits the transfer, disposal, or removal of property or assets within North Carolina by defendant Ahn unless the property is declared exempt in defendant Ahn's 2 July 2010 motion to claim exempt property.

Under North Carolina General Statutes, section 1-358, "[t]he court or judge may, by order, forbid a transfer or other disposition of, or any interference with, the property of the judgment debtor not exempt from execution." N.C. Gen. Stat. § 1-358 (2011). We hold that the trial court's prohibition on defendant Ahn's transfer, disposal, or removal of property or assets is squarely within the authority conferred by N.C. Gen. Stat. § 1-358.

As for defendant Ahn's contention that the trial court order is too restrictive in that it recognizes as exempt only that property which was claimed in defendant Ahn's 2 July 2010 motion to claim exemptions, we note that the order does not prohibit defendant Ahn from filing an amended motion or subsequent motion to claim statutory exemptions. Accordingly, defendant Ahn's arguments are overruled.

Affirmed.

Judges CALABRIA and STROUD concur.