An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA12-1308, 1305
NORTH CAROLINA COURT OF APPEALS

Filed:  1 April 2014

RUTHERFORD PLANTATION, LLC,
    Plaintiff

    v.

THE CHALLENGE GOLF GROUP OF THE
CAROLINAS, LLC f/k/a PREMIER BALSAM
BUILDERS, LLC, GRACE CREEK DEVELOPMENT,
LP, BALSAM MOUNTAIN GROUP, LLC, and THE
CHALLENGE GOLF GROUP OF SOUTH CAROLINA,
LLC,
    Defendants

Rutherford County
No. 11 CVS 594

Appeal by defendants from orders entered 10 May 2012 by Judge Laura J. Bridges in Rutherford County Superior Court. Heard in the Court of Appeals 10 April 2013.[1]

*David A. Lloyd, for Plaintiff.*

*McGuire, Wood & Bissette, P.A., by Douglas J. Tate, for Defendant Challenge Golf Group of South Carolina, LLC*

*The Dungan Law Firm, P.A., by James W. Kilbourne, Jr., for Defendant Grace Creek Development, LP.*

ERVIN, Judge.

---

[1]Although the two cases at issue here were filed and briefed separately, we have decided to resolve them on the basis of a single opinion in the interests of judicial economy, with this action being appropriate since these cases arise from the same basic set of facts and must be resolved based on the same considerations.

Defendants The Challenge Golf Group of South Carolina, LLC, and Grace Creek Development, LP, appeal from orders denying their motions to dismiss for lack of personal jurisdiction. On appeal, Defendants argue that the trial court erred by determining that they had sufficient contacts with this jurisdiction to support a decision requiring them to defend against the claims that had been asserted against them. After careful consideration of Defendants' challenges to the trial court's orders in light of the record and the applicable law, we conclude that the trial court's orders should be vacated and that these cases should be remanded to the Rutherford County Superior Court for further proceedings not inconsistent with this opinion.

## I. Factual Background

### A. Substantive Facts

On 17 May 2010, Plaintiff Rutherford Plantation, LLC, entered into an offer to purchase and contract with Defendant The Challenge Golf Group of the Carolinas, LCC, formerly known as Premier Balsam Builders, LLC, to purchase the real property on which and the personalty with which the Cleghorn Golf and Country Club was being operated. Pursuant to the contract in question, Plaintiff agreed to sell, and Challenge Golf Group agreed to purchase, all of the real property and personalty

associated with the Cleghorn facility for a total of $4,750,000, with Plaintiff financing $4,000,000 of the purchase price and with Challenge Golf Group paying the remainder at the time of closing. On or about 1 June 2010, Plaintiff conveyed the property associated with the Cleghorn facility to Challenge Golf Group and received, in return, a payment in the amount of $750,000 and a promissory note executed in favor of Plaintiff in the amount of $4,000,000, which note was secured by a purchase money deed of trust. Subsequently, Challenge Golf Group defaulted on its obligation under the note by failing to make the required monthly installment payments for the period from April 2011 through January 2012.

On 1 June 2010, the same day as the one upon which Plaintiff conveyed the property associated with the Cleghorn facility to Challenge Golf Group, Challenge Golf Group pledged much of the equipment and personalty associated with the Cleghorn facility to Grace Creek as collateral for a $650,000 loan that Grace Creek made to Challenge Golf Group. After Challenge Golf Group defaulted on its obligations to Plaintiff, Grace Creek declared its loan to Challenge Golf Group to be in default and filed an action against Challenge Golf Group in the Buncombe County Superior Court. Ultimately, Grace Creek obtained a default judgment against Challenge Golf Group in the

full amount of the loan that it had provided to Challenge Golf Group.

At the time that the sale of the Cleghorn facility was effectuated, Challenge Golf Group owned a condominium unit in the Cleghorn facility. On 25 May 2011, Challenge Golf Group executed a deed of trust in favor of Challenge Golf Group of South Carolina that was intended to secure a $120,000 loan that Challenge Golf Group of South Carolina had made to Challenge Golf Group. As a result of the fact that Challenge Golf Group defaulted on its obligations under the loan that it had received from Challenge Golf Group of South Carolina, Challenge Golf Group executed a general warranty deed conveying the condominium unit to Challenge Golf Group of South Carolina on 14 December 2011.

## B. Procedural History

On 18 May 2011, Plaintiff filed a complaint against Challenge Golf Group seeking to recover damages stemming from Challenge Golf Group's default under the promissory note. On 20 June 2011, Plaintiff filed an amended complaint adding a specific performance claim. On 25 August 2011, Challenge Golf Group filed an answer in which it denied the material allegations of Plaintiff's amended complaint, asserted fraud as an affirmative defense, and sought to recover damages for fraud,

breach of contract, and unfair and deceptive trade practices. On 5 October 2011, Plaintiff filed a reply to Challenge Golf Group's counterclaims in which it denied the material allegations of Challenge Golf Group's counterclaims and asserted the affirmative defenses of waiver and estoppel.

On 26 August 2011, Plaintiff filed a motion seeking the entry of judgment in its favor on the pleadings. Plaintiff's motion for judgment on the pleadings was denied on 13 October 2011. On 17 October 2011, Plaintiff filed a motion seeking the entry of summary judgment in its favor. Judge Marvin P. Pope entered an order on 4 November 2011 granting partial summary judgment in Plaintiff's favor on the basis of Plaintiff's claim for the recovery of damages stemming from Challenge Golf Group's default under the promissory note. On 14 November 2011, Challenge Golf Group filed a motion requesting the trial court to amend the 4 November 2011 order on the grounds that N.C. Gen. Stat. § 45-21.38 precluded an award of damages in instances, such as this one, stemming from efforts to collect a deficiency balance owed under a purchase money deed of trust. Judge Pope denied Challenge Golf Group's amendment motion on 29 November 2011. Challenge Golf Group noted an appeal to this Court from the 4 November 2011 and 29 November 2011 orders.

On 14 November 2011 and 30 December 2011, respectively, Plaintiff filed a motion and an amended motion seeking leave to amend its first amended complaint in order to add Balsam Mountain Group, LLC; Challenge Golf Group of South Carolina; and Grace Creek as additional defendants and to assert claims for violation of the Uniform Fraudulent Transfers Act, unfair and deceptive trade practices, civil conspiracy, and piercing the corporate veil. On 5 January 2012, Judge Laura J. Bridges entered an order allowing Plaintiff's amendment motion, resulting in the filing of Plaintiff's second amended complaint on 6 January 2012. On 12 March 2012 and 14 March 2012, respectively, Challenge Golf Group of South Carolina and Grace Creek filed motions seeking to have the claims that Plaintiff had asserted against them dismissed for lack of personal jurisdiction. After a hearing held on 8 May 2012, the trial court entered orders denying Defendants' dismissal motions on 10 May 2012. Defendants noted appeals to this Court from the trial court's orders.

On 15 January 2013, a panel of this Court filed an opinion reversing Judge Pope's order denying Challenge Golf Group's motion to amend the partial summary judgment order and remanding this case to the Rutherford County Superior Court for further proceedings. *Rutherford Plantation, LLC v. Challenge Golf Grp.*

*of the Carolinas, LLC*, __ N.C. App. __, 737 S.E.2d 409 (2013). Based upon a dissenting opinion by Judge Donna S. Stroud, Plaintiff noted an appeal from our decision reversing Judge Pope's order and remanding this case for further proceedings to the Supreme Court on 19 February 2013. On 19 April 2013, this Court entered orders staying further proceedings in these cases pending resolution of Plaintiff's appeal from this Court's decision with respect to Challenge Golf Group's appeal from Judge Pope's orders and requiring Plaintiff's counsel to notify us when the Supreme Court disposed of Plaintiff's appeal. On 24 January 2014, the Supreme Court filed an opinion affirming our decision with respect to Challenge Golf Group's appeal on the basis of an equally divided vote, thereby depriving our earlier decision of precedential value. *Rutherford Plantation, LLC v. Challenge Golf Grp. of the Carolinas, LLC*, 753 S.E.2d 152 (2014). Although we have not received any notice of the Supreme Court's decision from Plaintiff's counsel as required by our 19 April 2013 orders, we are independently aware of the Supreme Court's decision and will now proceed to resolve the issues raised by the appeals taken by Challenge Golf Group of South Carolina and Grace Creek from the trial court's orders.

## II. Substantive Legal Analysis

"[T]he issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte*." *State v. Webber*, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008). As a result, the fact that a party has not challenged the extent to which the trial court had jurisdiction to enter the order that is the subject of a pending appeal does not obviate the necessity for us to consider that issue. On the contrary, the issue of whether the trial court had jurisdiction over the subject matter of an action may be raised at any time during the proceedings, including on appeal, *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006), and on the court's own motion. *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 421, 248 S.E.2d 567, 571 (1978), *disc. review denied*, 296 N.C. 583, 254 S.E.2d 32 (1979). "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981) (citations omitted). As a result, we must first address the extent to which the trial court had jurisdiction to enter the orders from which Challenge Golf Group of South Carolina and Grace Creek have noted their appeals.

According to well-established North Carolina law, "once an appeal is perfected, the lower court is divested of jurisdiction." *Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 364, 424 S.E.2d 420, 422, *disc. review denied in part*, 334 N.C. 162, 432 S.E.2d 358, *aff'd,* 335 N.C. 158, 436 S.E.2d 821 (1993); N.C. Gen. Stat. § 1-294. "An appeal removes a cause from the trial court which is thereafter without power to proceed further until the cause is returned by mandate of the appellate court." *Upton v. Upton*, 14 N.C. App. 107, 109, 187 S.E.2d 387, 388 (1972). An appeal is perfected when it is docketed in the appellate division. *Swilling v. Swilling*, 329 N.C. 219, 225, 404 S.E.2d 837, 841 (1991); N.C. Gen. Stat. § 1-294. "However, for purposes of the stay imposed by [N.C. Gen. Stat.] § 1-294, the proper perfection of an appeal relates back to the time notice of appeal was given." *Reid v. Town of Madison*, 145 N.C. App. 146, 149, 550 S.E.2d 826, 828 (2001) (citations omitted), *disc. review improvidently granted*, 355 N.C. 276, 559 S.E.2d 786 (2002); *see also Romulus v. Romulus*, 216 N.C. App. 28, 33, 715 S.E.2d 889, 892 (2011) (stating that "[a]n appeal is not 'perfected' until it is docketed in the appellate court, but when it is docketed, the perfection relates back to the time of notice of appeal, so any proceedings in the trial court after the notice of appeal

are void for lack of jurisdiction"). As a result, once an appeal has been perfected, "[t]he lower court only retains jurisdiction to take action which aids the appeal and to hear motions and grant orders that do not concern the subject matter of the suit and are not affected by the judgment that has been appealed." *Ross v. Ross (now Osborne)*, 194 N.C. App. 365, 368, 669 S.E.2d 828, 831 (2008), *disc. review denied*, 363 N.C. 656, 685 S.E.2d 106 (2009).

As the record clearly reflects, Challenge Golf Group noted an appeal from Judge Pope's orders on 19 December 2011 and subsequently perfected its appeal by filing a record on appeal on 31 May 2012. For that reason, the divestiture of trial court jurisdiction worked by N.C. Gen. Stat. § 1-294 became effective upon the date on which Challenge Golf Group noted its appeal from Judge Pope's orders. The subsequent orders granting Plaintiff's amended motion for leave to amend its complaint and denying the dismissal motions filed by Challenge Golf Group of South Carolina and Grace Creek were both entered after Challenge Golf Group noted its appeal from Judge Pope's orders. As a result, since a trial court lacks jurisdiction to do anything except to "take action which aids the appeal and to hear motions and grant orders that do not concern the subject matter of the suit and are not affected by the judgment that has been

appealed," *Ross*, 194 N.C. App. at 368, 669 S.E.2d at 831, and since the trial court orders of which Challenge Golf Group of South Carolina and Grace Creek complain on appeal were entered after the date upon which the trial court was divested of jurisdiction over this case, we hold that the trial court lacked jurisdiction to enter the challenged orders, *Harris v. Fairley*, 232 N.C. 555, 556-57, 61 S.E.2d 619, 620-21 (1950) (holding that a trial court lacked jurisdiction to enter an order allowing a plaintiff to amend his or her complaint while the case was pending in the appellate courts), that those orders must be vacated, and that this case should be remanded to the Rutherford County Superior Court for further proceedings not inconsistent with this opinion.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court lacked jurisdiction to enter the orders from which Challenge Golf Group of South Carolina and Grace Creek have appealed. As a result, the trial court's orders should be, and hereby are, vacated and this case should be, and hereby is, remanded to the Rutherford County Superior Court for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.

Judges CALABRIA and DILLON concur.

Report per Rule 30(e).