SED Holdings, LLC v. 3 Star Props., LLC, 2016 NCBC 62.

| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>DURHAM COUNTY | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>14 CVS 5766 |

SED HOLDINGS, LLC,

    Plaintiff,

  v.

3 STAR PROPERTIES, LLC; JAMES
JOHNSON; TMPS LLC; MARK
HYLAND; HOME SERVICING, LLC;
and CHARLES A. BROWN &
ASSOCIATES, PLLC d/b/a
DOCSOLUTION, INC.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**OPINION AND ORDER REGARDING
STAY PENDING APPEAL**

1. **THIS MATTER** is before the Court sua sponte following its request of the parties for guidance as to its jurisdiction to proceed while matters in this case are pending on appeal. For the reasons set forth below, the Court concludes that it has limited jurisdiction to proceed in this case.

*Graebe Hanna & Sullivan, PLLC, by Douglas W. Hanna, for Plaintiff SED Holdings, LLC.*

*Law Offices of Hayes Hofler, P.A., by R. Hayes Hofler, III, for Defendants 3 Star Properties, LLC, James Johnson, TMPS LLC, Mark Hyland, and Home Servicing, LLC.*

*The Law Office of John T Benjamin, Jr., P.A., by John T. Benjamin, Jr., William E. Hubbard, and Aleksandra E. Anderson, for Defendant Charles A. Brown & Associates, PLLC d/b/a DocSolution, Inc.*

## I. INTRODUCTION

2. This case is before this Court pursuant to an Order entered on May 27, 2016, by the Chief Justice of the North Carolina Supreme Court designating this

action as a complex business case pursuant to Rules 2.1 and 2.2 of the General Rules of Practice for the Superior and District Courts.

3. On July 11, 2016, Plaintiff SED Holdings, LLC ("SED") filed a Verified Amended Complaint ("Complaint"). That pleading added a new party-defendant, Charles A. Brown & Associates, PLLC ("Charles A. Brown"). Contained in the Complaint was SED's Motion for Mandatory Preliminary Injunction (the "Motion"). SED filed a supporting brief to the Motion on July 26, 2016.

4. The issue before the Court is whether the filing of a petition for discretionary review with the North Carolina Supreme Court by all of the named defendants except for Charles A. Brown ("Defendants") following an adverse decision of the North Carolina Court of Appeals from Defendants' first appeal, and/or Defendants' filing of a second notice of appeal with the Court of Appeals, divests this Court of subject matter jurisdiction to consider the Motion.

5. This Court issued a Briefing Order on July 25, 2016, directing the parties to provide legal arguments and guidance to the Court regarding the Court's legal authority to proceed on the Motion while matters are pending discretionary review in the North Carolina Supreme Court and on appeal to the North Carolina Court of Appeals. In response to the Briefing Order, all of the parties, through counsel, have provided the Court with their respective positions on the authority for the Court to proceed.

6. Based on the matters of record, including the arguments of counsel for the parties contained in their respective briefs on the subject, which were of material

assistance to the Court, the Court determines that this matter—at least insofar as it relates to SED's request for additional injunctive relief against newly added defendant Charles A. Brown—is not stayed and the Court may proceed to determine the Motion.

## II. PROCEDURAL HISTORY

7. The Court sets forth here only those portions of the procedural history of this case necessary for an understanding of its ruling and notes that this case had a lengthy history prior to its designation to the Business Court. This action was commenced on December 1, 2014, in Durham County Superior Court by SED's filing of its original Verified Complaint against Defendants. In its original complaint, SED alleged that it had contracted to purchase 1235 mortgages from 3 Star Properties, LLC ("3 Star"), and had paid $2,000,000 of a total purchase price of $13,800,171 at closing, only to find that many of the mortgages were not owned by 3 Star and other mortgages were essentially worthless.

8. On December 10, 2014, Defendants filed a Motion to Dismiss based on lack of subject matter jurisdiction and improper venue pursuant to Rules 12(b)(1) and 12(b)(3) of the North Carolina Rules of Civil Procedure ("Rule(s)").

9. In response to SED's request for emergency injunctive relief, on December 12, 2014, the Durham County Superior Court entered a Temporary Restraining Order against Defendants.

10. SED's Motion for Preliminary Injunction was scheduled to be heard on December 18, 2014. Prior to the hearing, SED and Defendants agreed to abide by the

terms of a Consent Order Extending the Temporary Restraining Order and Ordering Mediation.

11.   On February 13, 2015, Defendants brought their Motion to Dismiss on for hearing in Durham County Superior Court.  On the same day, SED's Motion for Preliminary Injunction was heard.  On February 13, 2015, the superior court denied Defendants' Motion to Dismiss and granted SED's Motion for Preliminary Injunction.

12.   On February 19, 2015, Defendants filed their Notice of Appeal from the superior court's February 13, 2015, orders (the "2015 Appeal"), objecting to both the court's denial of Defendants' Motion to Dismiss for improper venue, and the entry of a Preliminary Injunction against Defendants.  The 2015 Appeal was assigned Court of Appeals docket number COA15-747.

13.   On August 28, 2015, while the 2015 Appeal was pending, SED filed its motion to show cause why Defendants should not be held in civil contempt for failing to obey the preliminary injunction order.  SED's motion to show cause was opposed by Defendants.  Following hearing, on December 7, 2015, and again on December 23, 2015, the superior court entered show cause orders that were followed on January 5, 2016, by a Contempt Order, which held Defendants in civil contempt for willful violation of the court's earlier injunctive orders.

14.   Two days later, on January 7, 2016, the superior court entered an amended show cause order.  That order scheduled a show cause hearing for January 19, 2016.

15.   On January 13, 2016, Defendants filed a second Notice of Appeal to the North Carolina Court of Appeals (the "2016 Appeal") objecting to seven specific orders

entered by the superior court, while the case was on appeal, between September 24, 2015, and January 5, 2016, as well as objecting to and appealing from "[a]ny orders or court rulings not herein specified which were entered after defendants filed Notice of Appeal dated February 19, 2015, from orders entered on February 13, 2015 denying defendants' Motion to Dismiss for Improper Venue and granting plaintiff's Motion for Preliminary Injunction Order." The 2016 Appeal was assigned Court of Appeals docket number COA16-385.

16. The next day, on January 14, 2016, Defendants filed a Motion to Continue Hearings Scheduled for January 19, 2016. By Order dated January 27, 2016, and filed February 1, 2016, the superior court ordered that the hearing on the amended show cause order should be continued until thirty days after the Court of Appeals issued its mandate in the 2015 Appeal.

17. On April 5, 2016, the Court of Appeals issued its opinion in the 2015 Appeal, unanimously affirming the trial court's actions, including denial of Defendants' Motion to Dismiss for improper venue and the grant of preliminary injunctive relief.

18. Pursuant to Rule 32 of the North Carolina Rules of Appellate Procedure, the mandate in the 2015 Appeal issued from the Court of Appeals to the superior court on April 25, 2016.

19. On May 27, 2016, Defendants filed a Petition for Discretionary Review of the Court of Appeals' decision in the 2015 Appeal with the North Carolina Supreme Court (the "PDR"). The PDR was assigned docket number 211P16-1. Defendants did

not seek a stay of the proceeding or otherwise seek to delay the effect of the mandate from the Court of Appeals.

20.     On the same date, May 27, 2016, this action was designated, following the parties' joint motion requesting the same, to the Business Court pursuant to Rules 2.1 and 2.2 of the General Rules of Practice for the Superior and District Courts.

21.     On July 11, 2016, SED filed its Verified Amended Complaint adding Charles A. Brown as an additional party-defendant and seeking preliminary and permanent injunctive relief against that entity.

22.     The 2016 Appeal has been fully briefed and is awaiting argument and decision.

23.     The Supreme Court has not ruled on the PDR.

## III.     ANALYSIS

24.     Pursuant to the relevant portion of section 1-294 of the North Carolina General Statutes, entitled "Scope of stay; security limited for fiduciaries":

> When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein, unless otherwise provided by the Rules of Appellate Procedure; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

N.C. Gen. Stat. § 1-294.

25.     The issues currently before the Court are whether: (1) Defendants' filing of the PDR with the North Carolina Supreme Court; and/or (2) Defendants' filing of the 2016 Appeal with the North Carolina Court of Appeals, works to divest this Court of

subject matter jurisdiction to consider and determine the Motion as to a newly added party-defendant until the presently pending appeals are resolved.

26. With regard to Defendants' filing of the PDR, the Court concludes that, absent a motion to stay filed with and granted by the appropriate court, the filing of a petition for discretionary review with our State's highest court, by itself, does not divest the trial court of jurisdiction to consider matters after the Court of Appeals has determined a matter on appeal and has issued its mandate. N.C. R. App. P. 23; *Ratchford v. C.C. Mangum, Inc.*, 150 N.C. App. 197, 198–99, 564 S.E.2d 245, 247 (2002) ("In the absence of the grant of a temporary stay or a writ of supersedeas by the [North Carolina] Supreme Court, the enforcement of the determination mandated by the Court of Appeals is not stayed pending the Supreme Court's determination of the application for discretionary review."). In this regard, Defendants' arguments based on *Snow v. Yates*, 99 N.C. App. 317, 392 S.E.2d 767 (1990) and *Little v. Little*, 12 N.C. App. 353, 183 S.E.2d 278 (1971) do not counsel otherwise.

27. In *Snow*, the trial court granted the defendants' motion for change of venue and the plaintiff appealed to the Court of Appeals. *Snow*, 99 N.C. App. at 319, 392 S.E.2d at 768. The Court of Appeals determined that such a grant was immediately appealable because it affected a substantial right, and that "the court of original venue must consider and determine the motion before it takes any other action." *Id.* In this case, the superior court—the original court of venue—has ruled on Defendants' venue motion and the Court of Appeals has affirmed.

28.     In *Little*, the defendant filed a motion for change of venue pursuant to Rule 12(b)(3) with the trial court, and the plaintiff thereafter filed a motion for alimony *pendent lite*. *Little*, 12 N.C. App. at 354, 183 S.E.2d at 279. The trial court heard and ruled on plaintiff's motion for alimony while defendant's motion for change of venue was still pending. *Id.* The defendant appealed, alleging that the trial court erred in determining the plaintiff's alimony motion before ruling on the defendant's motion for change of venue. *Id.* The Court of Appeals held that when the defendant moved for change of venue as a matter of right, "[the district court] was without authority to proceed further in the cause until the motion to [change venue] had been determined." *Id.* at 357, 183 S.E.2d at 280.

29.     In this case, the superior court—the original court of venue—has ruled on Defendants' venue motion and the Court of Appeals has affirmed. Venue is not an issue in the 2016 Appeal; it is only the subject of the PDR. Therefore, the fact that Defendants have chosen to pursue the issues raised in the 2015 Appeal to the State's highest court by way of petition for discretionary review, without also seeking an order staying the action until the Supreme Court rules, does not affect this Court's authority to proceed.

30.     With regard to the 2016 Appeal, because the parties do not raise the issue of the propriety of the 2016 Appeal in their briefs to the Court of Appeals or this Court, the Court assumes for the purposes of this Opinion and Order, without deciding, that the 2016 appeal is proper as an appeal of an interlocutory order affecting a substantial right. Thus, the Court must determine, in conformity with

section 1-294, whether the issues currently for determination by this Court are "affected by the judgment appealed from." N.C. Gen. Stat. § 1-294.

31. The Court has reviewed the orders of the superior court encompassed within the 2016 Appeal, the parties' briefs to the Court of Appeals, and relevant case law from our appellate courts. The only issue before the Court of Appeals in the 2016 Appeal is the validity of the show cause orders and civil contempt order issued by the superior court while the 2015 Appeal was pending.

32. The Court concludes that the issues presently before it are not embraced within the issues presently before the Court of Appeals in the 2016 Appeal and, thus, do not divest this Court of subject matter jurisdiction to consider and decide the Motion relating to newly added defendant Charles A. Brown.

33. The weight of appellate decisions interpreting section 1-294 appears to be that, as a general rule, an appeal divests the lower court of jurisdiction. *Songwooyarn Trading Co. v. Sox Eleven, Inc.*, 219 N.C. App. 213, 216–17, 723 S.E.2d 569, 572 (2012); *Ross v. Ross*, 194 N.C. App. 365, 368, 669 S.E.2d 828, 831 (2008); *Faulkenbury v. Teachers' & State Emps.' Ret. Sys.*, 108 N.C. App. 357, 364, 424 S.E.2d 420, 422 (1993). Despite this general rule, however, "the lower court nonetheless retains jurisdiction to take action which aids the appeal, and to hear motions and grant orders, so long as they do not concern the subject matter of the suit and are not affected by the judgment appealed from." *Faulkenbury*, 108 N.C. App. at 364, 424 S.E.2d at 422.

34. Also, "a trial court may ordinarily 'suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms . . . it considers proper for the security of the rights of the adverse party' while an appeal is pending." *Ross*, 194 N.C. App. at 368, 669 S.E.2d at 831 (quoting N.C. R. Civ. P. 62(c)); *see also Songwooyarn Trading Co.*, 219 N.C. App. at 217, 723 S.E.2d at 572 (holding that the trial court had jurisdiction to enter an order prohibiting the defendant from transferring, disposing, or removing assets "while jurisdiction was vested in the appellate courts[ because the order] did not concern the subject matter of the suit and was intended to aid in the security of plaintiff's rights while the appeal was pending").

35. The Court is unaware of any appellate decision addressing the specific factual scenario present in this case. The Court has carefully reviewed the authorities cited to it by counsel for all defendants, including specifically *Faulkenbury v. Teachers' & State Emps.' Ret. Sys.*, 108 N.C. App. 357, 424 S.E.2d 420 (1993); *Kelley v. Andrews*, No. COA15-448, 2016 N.C. App. LEXIS 74 (N.C. Ct. App. Jan. 19, 2016) (unpublished); and *Rutherford Plantation, LLC v. Challenge Golf Group of the Carolinas, LLC*, Nos. COA12-1305, COA12-308, 2014 N.C. App. LEXIS 341 (N.C. Ct. App. Apr. 1, 2014) (unpublished). The Court believes that such authorities are distinguishable and not controlling of the current dispute.

36. In *Faulkenbury*, the plaintiffs brought an action for declaratory judgment and damages against several defendants, including two individuals in their official and individual capacities. *Faulkenbury*, 108 N.C. App. at 363, 424 S.E.2d at 422. The defendants appealed the trial court's orders granting the plaintiffs' motion for

class certification and denying the defendants' motions to dismiss. *Id.* at 362, 424 S.E.2d at 421. While the defendants' appeal was pending, the plaintiffs filed a notice of voluntary dismissal without prejudice of the claims against the two individuals in their individual capacities. *Id.* at 363, 424 S.E.2d at 422. The defendants appealed the plaintiffs' voluntary dismissal. *Id.* at 363, 424 S.E.2d at 423. The Court of Appeals found that the plaintiffs' voluntary dismissal did not affect the subject matter of the action and was proper. *Id.*

37. In *Kelley v. Andrews*, No. COA15-448, 2016 N.C. App. LEXIS 74, at *2 (N.C. Ct. App. Jan. 19, 2016) (unpublished), the defendant moved to dismiss the plaintiff's complaint based on sovereign immunity. The trial court denied the defendant's motion and the defendant appealed. *Id.* While the defendant's motion was pending on appeal, the defendant filed a second motion to dismiss based on sovereign immunity, but based on a different legal argument than in the first motion. *Id.* at *2–3. The trial court granted the second motion to dismiss, and the plaintiff appealed. *Id.* at *3. The Court of Appeals held that the trial court did not have authority to rule on the defendant's second motion to dismiss based on sovereign immunity while the trial court's ruling on the defendant's first motion to dismiss based on sovereign immunity was pending on appeal "because both motions sought dismissal of [plaintiff's] lawsuit on the grounds of sovereign immunity." *Id.* at *4.

38. In *Rutherford Plantation, LLC v. Challenge Golf Group of the Carolinas, LLC*, Nos. COA12-1305, COA12-308, 2014 N.C. App. LEXIS 341, at *5 (N.C. Ct. App. Apr. 1, 2014) (unpublished), the plaintiff filed a motion for summary judgment in the

trial court. The trial court granted partial summary judgment for the plaintiff, and the defendant filed a motion requesting that the trial court amend the order granting partial summary judgment. *Id.* at *5. The trial court denied the defendant's motion. *Id.* The defendant appealed the order granting the plaintiff partial summary judgment and the order denying the defendant's motion requesting that the trial court amend the summary judgment order. *Id.* at *5–6. While the defendant's appeal was pending, the trial court entered an order granting the plaintiff's motion for leave to amend its complaint to add three defendants and assert additional claims. *Id.* at *6. Thereafter, the plaintiff filed its amended complaint. *Id.* Two of the newly added defendants filed motions to dismiss based on lack of personal jurisdiction, and the trial court entered an order denying the defendants' motions to dismiss. *Id.* The Court of Appeals ruled that the trial court did not have jurisdiction to enter an order granting the plaintiff's motion for leave to amend its complaint, or to enter an order denying the newly added defendants' motions to dismiss. *Id.* at *11.

39. In this case, Charles A. Brown was added by SED in an amended complaint filed as a matter of right, not through a motion and court order. The Motion concerns only the newly added party-defendant who is not a party to the pending appeal. The 2016 Appeal questions the superior court's authority pending appeal to enter show cause and civil contempt orders following Defendants' alleged non-compliance with the superior court's grant of SED's Motion for Preliminary Injunction.

40. Charles A. Brown was not a party at the time of entry of the orders now on appeal, and the Court of Appeals has already affirmed in the 2015 Appeal the

propriety of the superior court's grant of SED's Motion for Preliminary Injunction against Defendants. Thus, this Court's consideration of the Motion against Charles A. Brown "[is] not affected by the judgment that has been appealed." *Ross v. Ross*, 194 N.C. App. 365, 368, 669 S.E.2d 828, 831 (2008).

41. Rather, this Court's consideration of SED's request for preliminary injunctive relief against a newly added defendant concerns distinct and separate issues regarding SED's claim of irreparable harm and Charles A. Brown's involvement in this action.

42. The Court is sensitive to the general rule that, once an appeal is lodged, the trial court should "stand down" except in limited circumstances. At the same time, the Court concludes that the present situation is one of those limited instances in which trial court jurisdiction can be exercised. Regardless of the Court of Appeals' decision as to the 2016 Appeal (i.e., whether the superior court had jurisdiction to hold Defendants in contempt while the first appeal was undecided), the outcome of that appeal will not affect the issue of whether preliminary injunctive relief is appropriate at this time and against Charles A. Brown.

43. The Court specifically concludes that the Motion as to defendant Charles A. Brown is not embraced in the issues raised by the 2016 Appeal.

44. As a result, the Court concludes that it may, and in fact should, in the face of an allegation by SED that it is being irreparably harmed, determine SED's request that the Court grant the Motion against Charles A. Brown.

### IV.  CONCLUSION

45.    For the foregoing reasons, the Court hereby **ORDERS** that SED's Motion for Mandatory Preliminary Injunction as to defendant Charles A. Brown should be heard and determined, and a hearing on that Motion will be scheduled promptly.  Any party believing that additional issues should be considered, heard, and/or determined at that same time should file with the Court within ten days of this Order a Notice of Requested Hearing setting forth their contentions in this regard.

**SO ORDERED**, this the 23rd day of August, 2016.

/s/ Michael L. Robinson
_____
Michael L. Robinson
Special Superior Court Judge
   for Complex Business Cases